freehold, would, in equity, belong to him, if the purchase money should not be paid; and, therefore, he had a direct interest in establishing the right to recover.

---

SLADE against HALSTED.

On demurrer to the plea.

The declaration was on a promissory note; payee against maker; for $190, dated April 5th, 1826, and payable one day after date.

Plea, that on the 29th of March, 1826, the defendant articled to sell the plaintiff a farm; and therein agreed that on the 1st day of April, 1827, on receiving $500, he would convey and give possession. That on the 5th of April, 1826, the plaintiff paid $190 in advance, as part of the $500, under an agreement that the defendant would allow the plaintiff interest on that sum until the time when the $500 were to be paid; and that the note in question was upon the $190, till the $500 should become due. *Held*, that this was not a parol agreement, void as intending to vary a written one; but showed a want of consideration, and in that view would defeat a recovery upon the note, as between the original parties.

The consideration of a promissory note is always inquirable into, between the original parties.

S. being indebted to H. $500, payable at a future day, advanced $190 as part payment, and took a note from H. for the $190, one day after date; but the note was taken under an agreement that it should be mere evidence that H. was to allow interest

NEW YORK, made and accepted by the plaintiff as evidence of that
May, 1827.
agreement; and for no other purpose.

Slade
v.
Halsted.

General demurrer and joinder.

*D. Buel*, junior, in support of the demurrer. The agreement is not shown to have been in writing; and the effect of the note cannot be altered by a parol agreement made at the time of its execution. (1 Cowen, 249, 397 ; 18 John. 45; 8 John. 375; id. 189; 3 Stark. Ev. 1001; 1 Stark. Rep. 361; 3 Campb. 57; 1 Taunt. 347.)

*J. Paine*, contra. The facts pleaded show a want of consideration for the note. (4 John. 303; 17 id. 304; 10 id. 198; 15 id. 230; 2 Stark. Ev. 252.)

[*323]      *Curia*, per SAVAGE, Ch. J. The law respecting written contracts, that they cannot be contradicted or varied by a parol agreement made at the same time, is not denied. But the facts, it is alleged, show there was no ground for the promise. The language of the plea is certainly strong. It is, that the sum of $190 was paid in anticipation of the payment to be made on the 1st April, 1827; and that it was received and accepted by the plaintiff, as evidence of the payment and agreement to allow interest; and for no other purpose whatever. These facts are admitted by the demurrer; and being true, I can see no ground for a promise. A debtor pays part of his debt before it is due, and a note is given instead of a receipt. It is certainly without consideration, and not to be enforced. If my view of this subject is correct, the defendant is entitled to judgment, with leave to the plaintiff to withdraw the demurrer, and reply.

                              Judgment for the defendant.