WIDNER v. WALSH.

The statute contemplates the personal seal of the judge to a bill of exceptions,
and not the seal of the court.  The mistake or default of the judge will
not be allowed to prejudice the rights of litigants.

*Error to Probate Court of Boulder County.*

Mr. ALPHEUS WRIGHT, for plaintiff in error.

Messrs. BERKLEY & BLAKE, for defendant in error.

ELBERT, J.   An objection is taken that the bill of excep-
tions is not properly sealed by the judge, and cannot be
considered as part of the record.  It is claimed by the
defendant, and not contested by the plaintiff in error, that

the seal affixed to the original bill of exceptions was the seal of the probate court, and not the personal seal of the judge. This we think otherwise sufficiently evident. The *locus sigilli* is to the left of and apart from the signature, and within the scrawl are written the words "seal" and "probate court."

The statute contemplates the personal seal of the judge, and not the seal of the court. This bill of exceptions is, therefore, not sealed as required by law, and cannot be regarded as part of the record. *City of Denver* v. *Capelli*, decided at last term (*ante*, p. 236).

The bill of exceptions was prepared, presented and settled within the time limited by the order of the court. No laches are properly chargeable to the plaintiff. The mistake or default was that of the judge, and must not be allowed to prejudice the right of the parties litigant.

Thirty days time is therefore given the plaintiff in error to perfect his bill of exceptions, and apply for leave to file the same, if he should so desire.