## BRANAGAN ET AL. V. DULANEY.

1. As between conflicting statutes, the latest in date will prevail, and, as between conflicting sections in the same statute, the last in order of arrangement will control.

2. Where a junior location crosses a senior location, and the veins thereof are "cross-veins," the junior location will have a way of necessity through the older location, for the purpose of excavating and taking away the mineral contained in the cross-vein, and upon a grant of the cross-vein itself, such right of way would pass as incident to the grant.

*Error to District Court of Clear Creek County.*

THE facts are stated in the opinion.

Messrs. POST and SMITH and THOMAS MITCHELL, for plaintiffs in error.

Mr. R. S. MORRISON, for defendant in error.

BECK, C. J. This action involves the construction of two sections of the mining laws of .the United States, to wit, sections 3 and 14 of the act of May 10, 1872, otherwise known as sections 2322 and 2336 of the Revised Statutes of the United States. These sections are as follows:

"Sec. 2322. The locators of all mining claims heretofore made, or which shall hereafter be made, on any mineral vein, lode or ledge situated on the public domain, their heirs and assigns, where no adverse claim exists on the 10th day of May, 1872, so long as they comply with the laws of the United States, and with state, territorial and local regulations not in conflict with the laws of the United States governing their possessory title, shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes and ledges throughout their entire depth, the top or apex of which lies inside of such surface lines extended downward vertically, although such veins, lodes or ledges may so far depart from a perpendicular in their course downward as to extend outside the vertical side lines of such surface locations; but their right of possession of such outside parts of such veins or ledges shall be confined to such portions thereof as lie between vertical planes drawn downward, as above described, through the end lines of their locations so continued in their own direction that such planes will intersect such exterior parts of such veins or ledges; and nothing in this section shall authorize the locator or pos-

sessor of a vein or lode which extends in its downward course beyond the vertical lines of his claim to enter upon the surface of a claim owned or possessed by another." Section 3, A. C. May 10, 1872.

"Sec. 2336. When two or more veins intersect or cross each other, priority of title shall govern, and such prior location shall be entitled to all ore or mineral contained within the space of intersection; but the subsequent location shall have the right of way through the space of intersection for the purposes of the convenient working of the mine, and when two or more veins unite, the oldest or prior location shall take the vein below the point of union, including all the space of intersection." Section 14, A. C. May 10, 1872.

The only question presented by the record before us is, what are the respective rights of the parties under the above sections in respect to ownership of minerals and right of way when a junior location crosses a senior location, and the veins thereof are "cross-veins?" This question arises upon the pleadings, which are to the effect that the plaintiff below, Sophia B. Dulaney, was owner of the east six hundred and seventy-five feet of the Hidden Treasure lode mining claim, for which lode a patent had been duly issued, and which is situate in Griffith mining district, Clear Creek county, this state. The defendants, Branagan, Williams and McCoy, were the owners of the Patrick Branagan lode, an unpatented mining claim situated in the same mining district, and which crossed the Hidden Treasure location diagonally. The plaintiff, Dulaney, alleges in her complaint, which was filed in the district court of Clear Creek county, May 26, 1879, that the defendants, on the 30th day of April, 1878, wrongfully ousted her from her said property, and ever since have kept her out of the possession thereof. The defendants answered, denying the alleged ouster, alleging their possession, and lawful right of possession, of the Patrick Branagan lode

mining claim on and before the date of the alleged ouster; that said mining claim was situate in said Griffith mining district, and was one thousand five hundred feet in length by one hundred and fifty feet in width. They admitted that in working their said vein they had drifted through the plaintiff's location, and had sunk a shaft from the floor of said drift upon their said vein, the top of which shaft was within the surface lines of the Hidden Treasure claim. They averred the fact to be that the Patrick Branagan lode crossed the Hidden Treasure location, and was a cross-lode, and that the defendants had a legal right to drift through the plaintiff's location, and to take out all ore found therein upon their said vein, except at the space of intersection of their said vein with the veins of the Hidden Treasure mine. The plaintiff demurred to this answer, alleging as ground of demurrer that it showed on its face an illegal possession and trespass. The demurrer was sustained, and judgment rendered for the plaintiff. It is this ruling and judgment that we are called upon to review.

Strange as it may seem, the question here presented has never, to our knowledge at least, been passed upon either by the supreme court of the United States or by the supreme court of any state. We are not, however, without valuable aid to the proper interpretation of the mining sections hereinabove set forth. Upon one side of the question we have the views of the author of the valuable treatise entitled "Morrison's Mining Rights," and upon the other side a decision of the district court of the United States for the district of Colorado, in the case of *Hall v. Equator M. & S. Co.*, to be found in the above mentioned treatise. 3d ed. 282.

The two sections quoted appear to have been carelessly draughted, for they are certainly to some extent in conflict with each other. If the latter section contained the only provisions bearing on the subject, we would have

no hesitation in saying that where two veins cross each other, as alleged to be the fact in the present case, the senior location (Hidden Treasure) would only be entitled to the ore at the space of intersection of the veins; and that the owners of the cross-lode (Patrick Branagan) would be entitled to all ore found in their vein within the side lines of the senior location, save at the actual space of vein intersection. If this is not the rule intended to be laid down in section 2336, then it would seem that the framers of that section are liable to the charge of using words to *disguise* instead of *express* their meaning. This construction, however, seems to be in conflict with a literal interpretation of section 2322, which gives to the owners of the senior location all veins, lodes and ledges, throughout their entire depth, the tops or apexes of which lie inside the surface lines of the senior location. It is possible that it was not intended by the framers of this section to include *cross-lodes* in the grant of the prior location. But if such was the intention, we see no way out of the dilemma, except by the application of the arbitrary rule of construction suggested by the court in the case of *Hall v. Equator*, etc. *supra*, that, as between conflicting statutes, the latest in date will prevail, and, as between conflicting sections of the same statute, the last in the order of arrangement will control; to which rule of construction the court cites Bac. Abr. St. "D;" Dwar. St. 156, "N;" *Brown v. Conners*, 27 Pa. 37; *Smith v. Moore*, 26 Ill. 392.

This rule is not nullified or rendered inapplicable to the sections under consideration by section 5600, R. S. U. S., which prohibts an inference or presumption of a legislative construction to be drawn from the classification or arrangement of the sections of the Revision. Both of these sections are found in the act of congress of May 10, 1872, where they appear in the same order as in the Revision; section 2322 of the latter being section 3, and

section 2336 of the Revision being section 14, of the act of congress. The rule is applicable, therefore, since section 5600, R. S. U. S., does not apply.

Mr. Morrison's view of the subject appears to be that the owners of the prior location are entitled, under the law, to all veins of mineral within the lines of their location, whether they be side-veins, cross-veins or spurs; or whether they lie transversely to the main vein or are collateral to the same; provided, only, that the tops or apexes thereof are found to be within the side lines of the senior location. He is further of opinion that the words in section 2336, "*space of intersection,*" were intended to mean the space of intersection of the surface locations, and not the space of intersection of the veins. In support of this view, he argues that if the space of vein intersection only be intended, this same *space* must limit the *right of way* of the junior locator, who would then have a lode crossing the entire location of another party from side line to side line, but no right of way, except at the actual crossing of the veins. With counsel for appellant, we think that in such an event the junior locator would have a way of necessity through the older location. *Yunker v. Nichols*, 1 Colo. 551; Washb. Easem. *163. These authorities, and those cited therein, support the proposition that in the above case not only the cross-vein would be reserved from the prior grant, but likewise a right of way for the purpose of excavating and taking away the mineral contained in the cross-vein. Also, that upon a grant of the cross-vein itself, such right of way would pass as incident to the grant.

We are of opinion that the demurrer to the answer should have been overruled. Reversed and remanded.

<em>Reversed.</em>