## LEE ET AL. V. STAHL.

1. Instructions to the jury are required by statute to be in writing.
2. Under sections 2322, 2336, R. S. U. S., where a junior mining location crosses a senior location, and the veins therein are cross-veins, the junior locator is entitled to all the ore found on his vein within the side line of the senior location, except at the space of intersection of the two veins. In such a case the junior locator has a right of way for the purpose of excavating and taking away the mineral contained in the cross-vein.
3. The effect of the provisions of sections 2336, R. S. U. S., is to exclude a cross-lode, except at the point of lode intersection, as not a subject of grant. Being exempt from the grant, the right to it is not lost by failure to "adverse." But this does not include the space of a lode intersection. If a prior locator would secure this and other rights which he has by virtue of his prior location, he must adverse, whether his prior location was made under the act of 1866 or 1872. A failure to assert prior rights is treated as a waiver.

### Appeal from District Court of Clear Creek County.

THIS action was brought by the appellee, Ernest Stahl, to recover the possession of the Lone Tree lode. His patent from the government, under date of the 5th of November, 1878, reciting entry at the local land office at Central City, Colorado, on the 13th day of April, 1873, shows his title in fee. The defendant Lee is the owner of the Argentine silver lode. His patent from the government is under date of the 15th of August, 1876, and recites an entry at the same local land office, under date of July 3, 1875. The entry of the Argentine lode at the local land office being subsequent to the entry of the Lone Tree lode, the latter survey (No. 262) is excepted from the defendant's patent. The language of the patent is: "Excepting and excluding, however, from these presents, all that portion of the surface ground herein described which is embraced by said surveys No. 262, * * * as represented by yellow shading in the following plat." The two locations cross each other at a sharp

angle, near the eastern *termini*. The defendant struck a lode at or near the point of intersection by means of a cross-tunnel substantially at right angles with the Lone Tree location. From this point his tunnel runs south-westerly about three hundred and fifty feet, following generally the course of the Lone Tree location, and running directly under the Lone Tree discovery shaft. It has an average depth of about eighty feet below the surface, and is, admittedly, within the exterior lines of the Lone Tree location, with the exception of a short distance at its southwestern terminus. The plaintiff contends that this tunnel, in its entire length from the point where the lode was cut, is on the Lone Tree lode, having its apex within his side lines. The defendant contends that it is on the Argentine lode, and that its apex is at least partially within the side lines of the Argentine location. Trial by jury. Verdict and judgment for the plaintiff. Appeal.

Messrs. J. E. ROCKWELL, J. B. BELFORD and G. B. REED, for appellants.

Messrs. R. S. MORRISON, C. C. POST and JOHN A. COULTER, for appellee.

ELBERT, J. 1. The testimony offered on behalf of the defendant, in support of his allegation that his tunnel is on the Argentine vein, is unsatisfactory, and in conflict with the preponderance of evidence. We nevertheless think that there is sufficient to have taken it to the jury, and that the court erred in instructing the jury that, "under all the circumstances, they should find for the plaintiff." After such an instruction, the subsequent submission of the case to the jury was practically nominal. A further objection to the instruction containing the foregoing direction lies in the fact that it was oral, and not in writing, as required by the statute. *Montelius* v. *Atherton*, 6 Colo. 224. Whether what is here denominated an

"instruction" comes within the technical meaning of the term we do not inquire. Courts should avoid a practice so obviously objectionable, independent of the statutory requirement.

2. In the case of *Branagan* v. *Dulaney*, 8 Colo. 408, it is held that "under sections 2322, 2336, R. S. U. S., when a junior mining location crosses a senior location, and the veins therein are cross-veins, the junior locator is entitled to all the ore found on his vein within the side lines of the senior location, except at the space of intersection of the two veins. In such a case a junior locator has a right of way for the purpose of excavating and taking away the mineral contained in the cross-vein." This decision, rendered since the trial below, settles one of the principal points of contention involved in this case. The third and fifth instructions given by the court to the jury on behalf of plaintiff are in conflict with the doctrine announced. They, in effect, instructed the jury that the senior locator was entitled to the cross-vein to the extent that it was within the side lines of his location.

3. In view of a new trial, we notice a question made by defendants' counsel, that the court below erred in holding the Lone Tree patent the senior title, the entry being senior. The claim is that the discovery and location of the Argentine lode was in 1865, prior to the discovery and location of the Lone Tree lode; that priority of location, and not priority of entry, determines priority of title; that defendants' rights having accrued prior to the act of 1872, they are saved by section 2344; and that it was not necessary for him to adverse. Under the doctrine of *Branagan* v. *Dulaney, supra*, and of the case of *Hall v. Equator Mining Co.*, therein cited, the effect of the provisions of section 2336 is to exclude a cross-lode, except at the point of lode intersection, as not a subject of grant. Being excepted from the grant, it follows that the right to it is not lost by failure to adverse. But this

does not include the space of lode intersection. If a prior locator would secure this and other rights which he has by virtue of his prior location, he must adverse, and this whether his prior location was made under the act of 1866 or 1872. It is true that section 2344 provides that "nothing contained in this chapter shall be construed to impair in any way rights or interests in mining property acquired under existing laws." While this is true, other sections of the act provide the mode and manner in which such rights shall be asserted and secured by adversary proceedings, and a failure so to assert prior rights is treated as a waiver. This was held in the case of *Hall v. Equator Mining Co., supra,* where the defendant made a like claim of a discovery and location under the act of 1866. The policy of the law is to require all rights and equities to the premises sought to be purchased and patented to be adjusted prior to the issuance of the patent, to the end that it may be impregnable against all comers. *Eureka Mining Co. v. Richmond Mining Co.* 4 Saw. 302, 420; *Mining Co. v. Bullion Co.* 3 Saw. 659; *Golden Fleece Co. v. Cable Co.* 12 Nev. 320; *Hall v. Equator Mining Co.* Morr. Min. (3d ed.) 286; *Gwillim v. Donnellan,* 115 U. S. 45.

This substantially disposes of all the errors assigned. A number of other points have been discussed by counsel for appellant, but in the absence of any brief on the part of the appellee, we do not consider them. They are largely speculative, and are not fairly within the issues made by the pleadings. The patents specify and define lodes crossing each other without other connection than such as arises from intersection. The pleadings allege, respectively, the rights of the plaintiff and defendant under these cross-locations. We have, therefore, confined ourselves to the law respecting such locations, and the points decided should secure for the parties a trial on the merits.

The judgment of the court below is reversed, and the cause remanded.                              *Reversed.*