Morgenson v. Middlesex Mining & Milling Co.

1. Under Revised Statutes of United States, sections 2322, 2336, defining the rights of junior and senior locators of cross-veins, where a junior mining location crosses a senior location, and the veins therein are cross-veins, the junior locator is entitled to all the ore found in his vein within the side lines of the senior location, except at the space of intersection of the two veins; and the junior locator has a right of way for the purpose of excavating and taking away the mineral contained in the cross-vein.

2. In an action to recover the value of certain ore, the defendant pleaded in defense that he had taken the ore from his own vein, the Silver Bell, which crossed the vein of the plaintiff known as the Butler vein, and the court refused to allow proof that the Silver Bell vein entirely crosses the Butler vein. *Held*, that the fact that there were two such veins as the Silver Bell and the Butler was necessarily involved in the proof of the fact alleged in the answer, and such proof was improperly refused.

3. Under Session Laws of 1879, page 170, providing that a scroll affixed to any writing by way of seal constitutes a private seal, having the same effect and obligation, to all intents, as if said instrument were sealed, a bill of exceptions signed by a judge, with the letters "L. S.," included in brackets, placed immediately after his name, is sealed in compliance with the law requiring bills of exceptions to be sealed.

*Appeal from District Court of San Miguel County.*

Messrs. Montague and Fitch, L. F. Hollingsworth and S. Slessinger, for appellant.

Messrs. Taylor and Ingersoll, for appellee.

Rising, C.   This action was brought by the appellee against the appellant to recover the value of certain ore which it alleged had been taken from the Butler lode mining claim by defendant, and that said claim was owned by, and was in the possession of, the plaintiff at the time said ore was so taken.   The defendant placed his defense upon the alleged ownership of the Silver Bell lode mining claim by him, and that the Silver Bell lode or vein crosses the Butler lode or vein, and that the ore alleged to have been taken out by him was taken out of the Silver Bell lode or vein, and that no part thereof was taken from the Butler lode or vein, or from any of its dips, spurs or angles, or from any vein parallel to said Butler vein.   The Butler claim was located prior to the location of the Silver Bell claim.   The foregoing statement of the pleadings is sufficient for a proper understanding of the questions raised by the errors assigned. The defendant was examined as a witness in his own behalf, and, as such witness, was asked the following question: "I will ask you whether this Silver Bell vein crosses the Butler,— whether it is a cross-vein crossing the Butler lode?" This question was objected to by counsel for plaintiff, and the objection sustained by the court. And thereupon defendant, by his counsel, then offered to prove, by said witness, "that the Silver Bell vein, of the Silver Bell lode, entirely crosses the Butler claim and the Butler vein, and extends, and can be readily traced, across said Butler claim and vein, and at a distance far beyond that, continuously from the west end of the Silver Bell lode to a distance far beyond the Butler claim."

This offer was denied by the court, and to this ruling the defendant excepted.

It is contended by appellee, in support of the ruling of the court, that the offer was not full enough, in that it assumed the existence of a Butler lode or vein, and that the proof offered did not go to show the existence of two separate and distinct veins known as the "Silver Bell" vein and the "Butler" vein. We do not think this objection well taken. The offer was to prove a fact alleged in the answer, and the proof of such fact necessarily embraced the showing of two separate veins. But, if this were not so, can appellee consistently say that the location certificates of the location of the Butler lode, introduced in evidence, are not sufficient proof of the existence of such lode upon which to base the offer made?

But it is evident from the pleadings and the argument of counsel that the main objection to the introduction of this proof was based upon its irrelevancy and immateriality, under the construction of sections 2322 and 2336 of the Revised Statutes of the United States which counsel for appellee claim should be given to said sections. It is also evident that the exclusion of this proof, and the refusal of the court to give an instruction asked by the defendant, to the effect that the ore in a located vein which crosses another vein, upon which another and prior location has been made, belongs to the owner of the cross-vein, was based upon a construction of said sections which would exclude the owner of such junior location from any rights of ownership in the ore found in such cross-vein within the surface boundaries of the senior location. Since the trial of this case in the court below this court has passed upon the main question presented by this appeal, holding that, when a junior mining location crosses a senior location, and the veins therein are cross-veins, the junior locator is entitled to all the ore found on his vein within the side lines of the senior location except at the space of intersection of the two veins.

In such a case a junior locator has a right of way for the purpose of excavating and taking away the mineral contained in the cross-vein. *Branagan v. Dulaney,* 8 Colo. 408; *Lee v. Stahl,* 9 Colo. 208–210. Under this construction of sections 2322 and 2336, the court erred in its ruling refusing to permit the defendant to prove that the Silver Bell vein of the Silver Bell claim crossed the Butler claim and the Butler vein, and extended to a distance far beyond the Butler claim. The evidence was competent and material for the purpose of showing that the Silver Bell vein, from which defendant extracted the ore in controversy, was a cross-vein extending entirely across the Butler claim. The instruction asked by defendant, and refused by the court, does not state the law fully, in that it fails to except, from the ownership by the owner of the cross-vein of the ore found therein, the ore found in the space of intersection of the two veins. This point was not raised upon the argument by counsel for appellee, but the question was discussed upon the broad proposition that the senior locator is entitled to all the ore in such cross-veins.

It is contended by counsel for appellee that the bill of exceptions is not sealed, and that for this reason such bill cannot be considered by this court. The bill is signed by the district judge, and the letters "L. S.," inclosed in brackets, are placed immediately after the name of the judge. The law requiring a bill of exceptions to be sealed does not contemplate the adoption by the judge signing such bill of a seal other than or different from the private seal of such judge, and a bill of exceptions sealed by the judge with his private seal is sealed in compliance with the law. Under the provisions of an act of the legislature, approved January 25, 1879, a scroll affixed to any writing, by way of seal, will constitute a private seal, having the same effect and obligation, to all intents, as if said instrument were sealed. Sess. Laws 1879, p. 170; *Widner v. Walsh,* 3 Colo. 418.

The objection to the bill of exceptions is not well taken. The judgment should be reversed and a new trial ordered.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed.*