28 P. 23 
1 Colo.App. 70
 PLEYTE v. PLEYTE. 
Court of Appeals of Colorado
September 14, 1891

 
 Error
 to superior court of Denver; MERRICK A. ROGERS, Judge.
 Reversed.
 
 
 Action
 by Elizabeth Pleyte against Dirk Pleyte for separate
 maintenance. Defendant denied the allegations in the bill,
 filed a cross-bill for a divorce a vinculo, and demanded a
 jury trial. The court refused trial to a jury, and on the
 hearing entered a decree of divorce, on which plaintiff
 assigns error.
 
 
 RICHMOND,
 P.J. dissenting.
 
 
 The
 other facts in the case fully appear in the statement of
 BISSELL, J.:
 
 
 In
 1888, Mrs. Pleyte filed a bill against the defendant in error
 to obtain alimony by way of separate maintenance. The husband
 answered, denied the various allegations of the complaint,
 set up sundry affirmative matters of a defensive character,
 and filed a cross-complaint. In the cross-complaint he prayed
 for a divorce a vinculo. On the 10th day of December
 following the cause was set for trial on the 7th day of
 January, 1889. When the cause came on for trial under the
 order, the defendant demanded a jury for the trial of the
 issue which had been tendered on the cross-complaint, but the
 court refused to grant it, except on condition that Mrs.
 Pleyte [1 Colo.App. 71] advance the costs incidental to the
 procurement of a jury, as in the county court. This she
 refused to do, and thereupon the court denied the
 application, and proceeded to try the case, and entered a
 decree of divorce. The superior court, in which the cause was
 tried, was created by an act of the legislature February 10,
 1883. Its jurisdiction is granted in this language:
 "Shall have and exercise such jurisdiction and powers in
 civil actions, and be governed by such practice and
 proceedings, as now are or may hereafter be provided by law,
 or may be applicable to district courts." By section 3
 of the act, the jurisdiction was to be exercised within
 certain territorial limits, and that section in general
 provided that the court should be governed, in all
 proceedings with reference to practice and pleadings, by the
 laws determining such matters for the district court. Its
 process was to be issued and served in like manner as
 processes were issued and served from the district court.
 Section 15 of the act related to the procurement of juries in
 civil causes, and it substantially provided: "In any
 action *** in which a party is entitled to a jury such party
 may have a jury summoned," etc., "in the manner
 provided by law providing for the summoning of jurors to try
 causes in the county courts." There were no other
 provisions in the act which related either to the
 jurisdiction of the court, or to the method which was to be
 adopted to obtain the juries by which the causes should be
 tried. The county court act contained a section which
 substantially enacted that in any action pending in that
 court either party might have a jury by advancing the fees
 for the payment of the jurors, and that the amount paid
 should be taxed as costs. The act likewise provided that the
 jurors should be summoned by an open venire directed to the
 sheriff of the county. There was no other provision in the
 act with reference to the process or means by which a jury
 should be procured in that court. In 1868 an act upon the
 subject of divorces was adopted by the territorial
 legislature, and it has remained in force from that time to
 the present, having been re-enacted in the [1 Colo.App. 72] 
 General Laws of 1877 and the Statutes of 1883. By these acts,
 which were in force at the time of the trial of this suit,
 the district court was given jurisdiction in all cases of
 divorce and alimony. Its process, practice, and proceedings
 were to be as in chancery, "except as modified by this
 particular statute." By the fifth section, all cases of
 this sort must be tried by jury when the "charges in the
 bill are denied." It would appear from the record that
 the superior court had adopted a rule requiring parties who
 demanded a jury to prepay the jury fees as a condition
 precedent to the enjoyment of that sort of a trial. The trial
 without a jury is the principal error complained of.
 
 
 Sullivan
 & May and Coe & Freeman, for plaintiff in error.
 
 
 Patterson
 & Thomas, for defendant in error.
 
 
 BISSELL,
 J., (after stating the facts.)
 
 
 The
 question presented by the record is one of gravity to the
 parties in this action, but is of little consequence to the
 profession. The superior court has been abolished, and the
 act to be construed entirely
 [28 P. 24] 
 repealed, and the question to be determined is therefore of
 slight general interest. The importance of the decision to
 the parties to the action is the only excuse for a citation
 of the statutes and the assignment of the reasons upon which
 the decision is based. The act creating the court contains
 but one section, which specifically relates to the matter of
 the present inquiry, viz., the right of trial by jury in
 these actions in the superior court. The question cannot be
 answered by a consideration of that section. It is neither
 definite, absolute, nor unequivocal, and, under these
 circumstances, may be taken to be controlled as to its
 implications by other portions of the act. To construe the
 act with reference to this matter, it is essential to
 ascertain what jurisdiction was granted, and whether the
 jurisdiction was, as to particular actions, subject to any
 limitations which were expressed in the statute, [1 Colo.App.
 73] or which necessarily resulted from the fact that the
 jurisdiction conferred was of itself limited. It will be
 useful, first, to inquire whether the jurisdiction of the
 district courts was in any wise limited in respect of this
 matter, since it will appear that this was the only
 jurisdiction conferred upon the superior court. A discussion
 as to the extent and scope of the jurisdiction of chancery
 courts in actions for divorce is wholly unnecessary. It may
 be conceded at the outset that originally, when triable at
 all by such tribunals, these causes were triable only by the
 procedure which was suited to courts of equity, and which
 always prevailed in them. By analogy, wherever the action for
 divorce existed by statute, and there was no provision made
 with reference to the method of trial, the courts always
 followed the established practice in those particulars, tried
 the cases as in equity, and rendered such decree as the
 statute and the case warranted. It must be conceded that in
 this state the cause of action for divorce is purely
 statutory. No suit for divorce will lie unless it be based
 upon some one of the statutory grounds, and unless it be
 brought in the manner prescribed. When, therefore, litigants
 are by statute given the right to bring suits in the district
 court for the dissolution of their matrimonial obligations
 upon certain specified grounds, and the statute imposes
 certain restrictions and limitations, either as to the right
 of action or as to the method of procedure, those conditions
 must be complied with to entitle the court to render a decree
 in such suit. There might have been some embarrassment in the
 determination of this question if the statute had simply
 provided that the district court, sitting as a court of
 chancery, should have jurisdiction, but it further enacted
 that the chancery process, practice, and proceedings should
 be subject to the limitations expressed in the act. It
 therefore follows that, when the act subsequently provided
 that every issue of fact raised by a denial of the alleged
 grounds for divorce must be tried by a jury, such an issue
 could only be tried in that way, and the right to maintain an
 action for a divorce was subject to that particular and
 special limitation, and to [1 Colo.App. 74] disregard it, and
 try the case and render a decree without the verdict of a
 jury upon the issues would be error, unless in some legally
 binding manner the party had waived the right. That the same
 result must follow when the superior court failed to observe
 the statutory requirement seems equally clear. By the terms
 of the act, its jurisdiction was made concurrent with that of
 the district court. The jurisdiction was to be exercised
 within specified territorial limits, over those
 subject-matters of which the district court had general
 jurisdiction. The causes were to be tried by the same
 methods, and under the identical statutes, regulating the
 practice, pleadings, and proceedings in the district court.
 It cannot be urged, as in the case of the county court, that
 by virtue of its general chancery jurisdiction it might hear
 and determine according to the ancient chancery methods;
 because, by the express terms of the statute creating it, the
 only jurisdiction granted was one co-ordinate with that of
 the district court. This co-ordinate jurisdiction must thus
 be taken with every expressed limitation; the powers granted
 must be as general, and likewise as circumscribed, as those
 possessed by the district courts. There would thus seem to be
 no escape from the conclusion that if the jurisdiction of the
 district court in matters of divorce was subject to the right
 of trial by jury where an issue of denial was made by the
 answer, that of the superior court could only be exercised
 under the same condition, and subject to the same
 restriction. The force of this position is sought to be
 avoided by reference to the fifteenth section, which provided
 for the method of summoning a jury in causes triable in that
 court. No other provision upon the subject, or having any
 bearing upon it, can be found in the act. That section only
 enacts that a jury shall be summoned in the manner provided
 for summoning juries in the county court. It places no
 limitation upon the right to a trial by jury, nor does it
 re-enact the section contained in the county court act by
 reference to it, nor does it, by inference or implication,
 adopt the limitation upon the right to a jury contained [1
 Colo.App. 75] in that provision. The right to a jury trial in
 the county court is undoubtedly dependent upon the prepayment
 of the fees of the jurors by the party who makes the demand.
 It is likewise true that the jury in that court is to be
 summoned by an open venire, directed to the sheriff of the
 county, under the rules and regulations which may be adopted
 by the court for the purpose. But it is not easy to see in
 what way the method of procurement is at all affected by the
 limitation upon the right to a jury, elsewhere expressed in
 the statute. Because it happens to be true that a litigant in
 the county court can only obtain a jury by a prepayment of
 the fees, that circumstance in no wise modifies, affects, or
 in any way relates to the mode of procuring the jury when
 once the right to it has attached. The two parts of the
 statute relate to two different subdivisions of the same
 general subject-matter; the one having a relation to the
 right itself, and the other providing means by
 [28 P. 25] 
 which the right shall be enforced when it has once accrued.
 The true construction of section 15 of the superior court act
 is thus rendered apparent and easy. It did not attempt,
 either in terms or by implication, to re-enact the entire
 county court provision with reference to the matter of
 juries. It simply enacted that a jury should be summoned in
 the manner provided by law for summoning jurors in the county
 court. It neither stated nor provided that the right to a
 jury should be subject to the limitations, or should be had
 upon the conditions under which they might be had in the
 county court, nor did it enact that parties might have juries
 as and when they might in such courts, and that such juries
 should be summoned under like conditions and circumstances as
 were provided for in the act relating to county courts, but
 apparently by legislative intention withheld all reference to
 the right of trial by jury, and made only that portion of the
 statute applicable which related to the method of
 procurement; the language being, "when a party is
 entitled, it shall be summoned in the manner providing for
 summoning juries," etc. Had the statute provided that a
 party might have a jury to try the issue as [1 Colo.App. 76] 
 in the county court, or under like circumstances and upon
 like terms, which should be summoned in the manner provided
 by law for the summoning of jurors in that tribunal, no
 question could have been raised in the premises. A careful
 selection of such phraseology as would only relate to the
 method of procurement, when less than half a dozen words
 would have made plain their intention and impose a condition
 upon the right, renders it evident that the legislature had
 no such purpose. To import, by an unnecessary construction, a
 condition into a statute which would have such an important
 effect upon the rights of parties in this class of causes,
 would be a violation of all well-recognized canons of
 statutory construction. The unwisdom of importing a condition
 into a statute is easily seen when once the nature of the
 cause of action is considered. The interests of good morals
 and of society require that these actions should be
 surrounded by every impediment which would either tend to
 prevent their increase or to render an unjust result
 impossible. Publicity creates a wall over which none but just
 suitors can climb. For many years it has been patent to all
 courts and to all observant citizens that there is no class
 of controversies in which the courts are more frequently
 imposed upon, and the right more often defeated, than in
 suits of this description. The policy of the legislature in
 its enactment upon the subject of divorce and alimony is
 plainly foreshadowed by the provisions with reference to
 trials by jury. It should be followed and enforced by the
 courts, unless in plain terms, or by necessary statutory
 construction, a different rule has been declared applicable
 to actions of this description. Varioious other errors have
 been assigned and discussed by counsel in their briefs, but
 they are not likely to be of importance upon the subsequent
 trial of the case. The case is reversed and remanded
 
 
 RICHMOND,
 P.J., (dissenting.)
 
 
 I
 regret my inability to concur in the foregoing opinion. [1
 Colo.App. 77] The record in this case discloses the fact to
 be that in the superior court plaintiff in error demanded a
 trial by jury. The court then, in accordance with the rules
 and its understanding of the statute creating said court,
 requested the payment of fees in advance for the jury, with
 which request plaintiff in error declined to comply. The
 court thereupon proceeded without a jury, and, in the absence
 of plaintiff in error, heard the testimony upon the averments
 in the cross-complaint. The only question presented in the
 case is, was plaintiff in error entitled to a jury trial?
 Section 5, c. 32, Gen.St.1883, provides: "In all cases
 for a divorce, where the defendant shall appear and deny the
 charges in the complainant's bill alleged, the same shall
 be tried by jury." The act creating the superior court
 provides "that, in any action pending before a superior
 court in which a party thereto is entitled to a jury, such
 party may have a jury summoned to try the same in the manner
 provided by law for summoning jurors to try cases in the
 county court." Gen.St. p. 938, Â§ 15. The act relating to
 county courts provides "that, in any action pending
 before the county court, either party may have a jury
 summoned to try the same by advancing fees for the payment of
 such jurors, and, when judgment shall be rendered in favor of
 the party demanding a trial by jury, such party shall recover
 the fees paid by him for such jurors of the adverse party,
 and have the amount thereof taxed as a part of the costs in
 the case." Id. p. 247, Â§ 21. Under the act
 creating the superior court, it is provided by section 3 that
 such superior court shall have original and concurrent
 jurisdiction with district courts, within the limits of the
 several cities and incorporated towns for which they were
 created. That the said courts of the state in all civil
 causes, both at law and in equity, shall have such appellate
 jurisdiction in such causes as is provided by law for the
 district courts, and shall be governed in all proceedings
 with [1 Colo.App. 78] reference to process and pleading by
 the laws now or hereafter to be enacted for the district
 courts. All process issued out of the superior court shall be
 issued and served in like manner as similar process is issued
 and served from district courts of the state. Section 469,
 Code Civil Proc., provides that in all civil actions within
 their jurisdiction the county courts, and the judges thereof,
 shall have the same power to grant all orders, writs, and
 processes which the district court, or the judges thereof,
 have power to grant within their jurisdiction, and to hear
 and determine all questions arising within their jurisdiction
 as fully and completely as the district court, or the judges
 thereof, have power to do under the laws of this state,
 except as otherwise provided in this act. It cannot be denied
 that the act creating the superior court is a special act. It
 cannot be denied that the act creating the superior court
 does not provide for the summoning of jurors, as is provided
 by the law and practice act
 [28 P. 26] 
 relating to the district courts. It cannot be asserted that
 the compensation of jurors summoned in the superior court is
 in any manner provided for by the act creating the court,
 save and except the fees be advanced as a prerequisite to the
 issuance of the summons, as provided by the act concerning
 trial by jury in the county court. Is it not a fact that a
 general statute cannot prevail over a special one, and does
 not the theory that section 15 of the act pertaining to the
 superior court simply refers to the manner of summoning a
 jury sink the spirit of the act into the letter? Sedg.St. &
 Const.Law, 99-105, 229; Branagan v. Dulaney, 8 Colo. 408, 8
 P. 669. "Leges posteriores priores contrarias abrogant.
 'If two inconsistent acts be passed at different times,
 the last' *** 'is to be obeyed; and, if obedience
 cannot be observed without derogating from the first, it is
 the first which must give way.' " Under the act,
 to-wit, "the Code of Procedure, the method of summoning
 a jury, the manner in which they may be drawn, by whom drawn,
 and from what particular class of [1 Colo.App. 79] people
 they may be drawn, is provided for, so far as the district
 court is concerned." Is that true so far as the superior
 court is concerned? The superior court, by section 4, is
 conceded to have the same powers, when not otherwise provided
 by law, to prescribe by rule the time of pleading, and shall
 have the same powers as the district courts have to regulate
 their practice, process, and proceedings in other respects.
 It was the rule of the court that a party demanding a jury in
 any case pending should advance the fees for the payment of
 the same. Does the provision of section 3, which provides
 that said superior court shall be governed in all proceedings
 with reference to practice and pleading by the laws now or
 hereinafter to be enacted by the district courts, inhibit the
 superior court from providing that, in cases where either
 party litigant desires a jury, they shall advance the
 compensation necessary to be paid for the services of such
 jurors? This, in my judgment, is not clogging by restrictions
 the right to a trial by jury, but simply provides for a
 condition precedent to the exercise of that right. The
 practice in the county court is the same as that in the
 district court, the same as that provided in the superior
 court and district court, save and except the explicit
 wording of the statute providing for a jury trial in the
 county court.
 
 
 Now, do
 the words, "shall be summoned in the same manner as in
 the county court," refer simply to the method of
 summoning the jury, or have they not a larger and more
 comprehensive operation, to-wit, they shall be summoned in
 the same manner and upon the same terms and conditions? In
 other words, the superior court should summons a jury upon
 the advance of the fees by the party demanding a jury. No
 provision is made for a jury, or rather for the payment of a
 jury, in any case, unless they be summoned in the same manner
 as they are in the county court. It occurs to me that, had it
 been in the contemplation of the legislature that a jury
 should be summoned in the same manner and under the same
 circumstances as is provided for [1 Colo.App. 80] in district
 courts, the word "district," instead of
 "county," would have been used. Thus we have left
 the act without ambiguity. There can be no doubt as to what
 the legislature meant. They said, "In this instance we
 will create a court with limited jurisdiction, limited to
 cases arising within the city of Denver, a city of a certain
 population, limited to the extent that only cases arising
 within the domain of that city would come within the
 jurisdiction of that court." The purpose of the act was
 to expedite litigation, which, by reason of the increased
 population and commercial importance of Denver, had rapidly
 increased to such an extent that the then existing district
 courts of Arapahoe county could not cope with the volume of
 business; and, for the purpose of aiding in the disposition
 of the same, they provided that in all cases the expense
 incident to litigation, by the constant attendance of jurors
 from time to time during eight, perhaps ten, months of the
 entire year, should not be necessary, and that every litigant
 who should present his case to that court should have a right
 of trial by jury on condition that he should do as was
 required of litigants in the county court, to-wit, advance
 the fees of jurors. This being so, and being a subsequent act
 to the act creating the district courts, and to the act
 creating the county courts, and to the divorce and alimony
 act, it, in my judgment, operates to suspend the provisions
 of the divorce act, which provides that, in cases where
 complaint and answer are made, the causes shall be tried by a
 jury. It suspends it only to the extent of saying that they
 shall be tried by jury when the parties litigant demand it,
 and comply with the rules of that court, to-wit, payment of
 fees. I am utterly unable to concur in the opinion that, by
 reason of the provisions of the act concerning divorce and
 alimony, a party is entitled to a jury, irrespective of the
 rules and regulations that the courts may establish by
 authority of subsequent legislation concerning such trials.
 When the constitution declared that trial by jury should be
 observed, no restriction was thereby laid on the
 legislature [1 Colo.App. 81] as to erecting or organizing
 judicial tribunals in such manner as might be most conducive
 to the public convenience and interest.
 
 
 It is
 true that the legislature cannot impose any provisions
 substantially restrictive of the trial by jury. They may give
 existence to forms; they may modify the powers and change the
 form of courts; still the sacred right of any citizen to
 trial by jury must be preserved. Here the right of trial by
 jury is given upon condition. True, the party may be
 subjected to some inconvenience in paying the fee, but this
 inconvenience does not amount to a denial of right. If the
 provisions of the constitution providing for a trial by jury
 can be thus qualified, made operative upon condition, why,
 then, cannot a trial by jury provided for in the statute be
 subjected to subsequent legislation and subsequent
 [28 P. 27.] 
 rules of practice, promulgated by courts of subsequent
 creation under subsquent powers? An act which authorizes a
 judgment to be rendered without the intervention of a jury is
 not on that account unconstitutional, nor would it be where
 it guaranties this right ultimately, as it does in this case.
 If a party, therefore, does not demand a trial by jury in
 conformity with the rules of the court and the statute, pray
 tell me why he or she should complain? This action was
 originally commenced in the superior court by the plaintiff
 in error. The act creating the superior court was before her,
 of its existence and provisions she was expected to take
 notice, and she knew in going into that court that the
 practice of that court was to summons jurors upon request of
 either party, plaintiff or defendant, and upon payment of
 fees. Why the rule should obtain in divorce suits different
 from that in all other actions, both in law and in equity, I
 cannot fathom. The terms may be onerous, but this is purely a
 question of expediency, and one which must, from its very
 nature, address itself exclusively to the law-maker. It is
 difficult to prescribe limits to the powers of the
 legislature. Cases might [1 Colo.App. 82] arise which would
 authorize that body to act very far in disregard of rules and
 regulations which are ordinarily observed in the enactment of
 the law for the assertion and defense of rights. There is no
 infringement upon the right of trial by jury, either under
 the act concerning divorce and alimony, or in the provisions
 of the constitution of the state. It is simply exacting the
 payment of fees as a prerequisite to that right. I may here
 remark that the law always properly manifests its tenderness
 for the impotent and the poor, and the plaintiff in this
 case, if without means or ability to pay or advance the fees
 necessary to secure the jury, could have made the affidavit
 that such was her condition, and by the provisions of our law
 she was then absolutely entitled to prosecute that case and
 secure that jury by order of that court at the expense of the
 people. To the rules of conduct prescribed by law and the
 rules of the superior court she submitted herself, and she
 was bound by its judgment.
 
 
 In
 Conneau v. Geis, 73 Cal. 176, 14 P. 580, the supreme court
 said the rule requiring a party demanding a trial by jury to
 deposit the jury fees with the clerk in advance of the trial
 is a reasonable regulation of the mode of enjoyment of the
 right of trial by jury, and is not a denial or impairment of
 the right; and the party demanding a jury trial, upon refusal
 to comply with the rule, waives his right to a jury. Right of
 trial by jury in equity and divorce cases is a matter of
 statute. At common law no such right exists. The method of
 trial and compensation in such cases is well known to every
 lawyer, and, being a creation of statute, I think it clearly
 follows that the superior court, in establishing the rule
 that where a party in any case, without exception, demanded a
 jury, such party should advance the fees, and by a failure to
 do so he or she waives the right to a jury, was warranted by
 section 15 of the act creating said court. Let it be observed
 that the act creating the superior court makes no provision
 for jurors, except by section 15, which provides that they
 may be summoned to try the issue in the manner provided by
 law for summoning jurors in causes in the [1 Colo.App. 83] 
 county courts. By the method providing for summoning jurors
 in the district court, in every case save equity, a right of
 trial by jury is granted in the district court, and at each
 and every term of the district court a jury of 12 or more are
 in constant attendance, and in the county and superior courts
 never. The very language of section 15 says, in any action
 pending before a superior court, in which a party thereto is
 entitled to a jury, such party "may have" a jury.
 "May have" a jury implies that they must ask for a
 jury, and they may be summoned, under the rules and
 regulations of that court, in the same manner as jurors to
 try causes in the county courts are. It is well settled that
 a subsequent statute, which is clearly repugnant to a prior
 statute, necessarily repeals the former, although it do not
 do so in terms; and, even if the subsequent statute be not
 repugnant in all its provisions to a prior one, yet, if the
 latter statute was clearly intended to prescribe the only
 rule that should govern in the case provided for, it repeals
 the original act. Sedg.St. & Const.Law, pp. 104, 105; Korah
 v. City of Ottawa, 32 Ill. 121. Cases without number can be
 found which declare that every statute is by implication a
 repeal of all prior statutes, so far as it is contrary and
 repugnant thereto, and that without any repealing clause. It
 can also be said that the principle is without contradiction
 that, where two statutes can be made to stand together, it is
 the duty of the court to give them full effect. Sedg.St. &
 Const.Law, p. 105. The latter principle, so far as the
 practice in the county court, superior and district courts,
 is concerned, can be applied without doing violence to
 reason, and yet support every right and privilege that the
 plaintiff in error could claim under any provision of any of
 the acts applicable to her case. The first principle above
 recited supports the contention that I make, to the effect
 that the act creating the superior court, in so far as it
 refers to a jury trial in causes therein pending, is
 obnoxious to the provisions of the law providing for jury
 trials in district courts, and is consistent with the
 provisions of the act [1 Colo.App. 84] providing when and in
 what manner jury trials may be had in the county court. In
 expounding the acts of the legislature, it is a
 well-established rule that the intention of the maker must
 prevail, and this is to be collected from the words,
 "and the necessity of the legislation." I am
 thoroughly convinced that the plaintiff in error is without
 remedy in this court, and that the judgment of the court
 below should be affirmed.