HAMMOND, PLAINTIFF IN ERROR, v. BOVEE, DEFENDANT IN ERROR.

1. APPELLATE PRACTICE.
A verdict will not be disturbed unless some substantial error has been committed by the trial court in its ruling upon the admissibility of testimony, or in instructing the jury as to the law applicable to the issues.

2. SAME—BILL OF EXCEPTIONS.
When it is desired to attack a judgment because it has been rendered upon improper or insufficient testimony, or because the jury was not sufficiently and accurately instructed, it is indispensable that the evidence be preserved by a bill of exceptions.

3. BILL OF EXCEPTIONS, AUTHENTICATION OF.
A bill of exceptions is authenticated by the signature and private seal of the judge.   When not authenticated it will not be regarded as a part of the record.

*Error to the County Court of Otero County.*

Mr. PLATT WICKS and Mr. A. F. THOMPSON, for plaintiff in error.

Mr. JOHN HIPP and Mr. GEORGE A. KILGORE, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

During the summer of 1891, Frank Day was cultivating a

farm in Otero county, and mortgaged certain of his growing crops to Mrs. Bovee, the defendant in error. The mortgage matured on the 30th of November, and the note which it was given to secure was not paid when it fell due. A portion of the property covered by the security consisted of alfalfa seed which was threshed, and turned over by Day to George Hammond, the plaintiff in error, under some sort of a contract, and Hammond held it when the mortgage matured, and Mrs. Bovee demanded the possession. Hammond refused to surrender and Mrs. Bovee brought replevin. The suit was defended by Hammond on the theory of a purchase of this part of the property from Day with the consent and knowledge of the mortgagee. A good many questions are discussed by counsel, but those relied on relate to the admission of the note and mortgage in evidence, and the giving of certain instructions by the court. None of the alleged errors warrant us in disturbing the judgment. The questions of fact were settled by the verdict adversely to the defendant, and the issue as to the validity of the transfer of the seed by Day to Hammond was fairly presented to the jury by the court, and they found with Mrs. Bovee on this proposition. Under these circumstances, there is nothing in the case to justify us in disturbing the verdict, unless some substantial error was committed by the court in admitting testimony, or in instructing the jury as to the law applicable to the issues. We are unable to determine these questions, since there is no record before us which properly brings them up for review. Whenever it is desired to attack a judgment because it has been rendered upon improper or insufficient testimony, or because it is founded upon the verdict of a jury who were not sufficiently and accurately instructed as to the law, it is indispensable that the parties who complain of such matters should preserve the evidence by a bill of exceptions, that this court may be able to see that the trial court disregarded the rules of evidence or failed to properly instruct the jury. It has been repeatedly adjudicated by the supreme court that there is but one way to properly authenticate a bill of exceptions,

to wit—by the signature and seal of the judge who subscribes it. The judicial signature attested by his own seal, and not by the seal of the court, is a prerequisite to the proper authentication of the bill. *Morgenson v. Middlesex M. & M. Co.*, 11 Colo. 176.

Many irregularities in such matters have been passed on by that tribunal, and the holding has been uniform in this direction. There is no bill of exceptions in this case authenticated according to the requirements of the statute and these decisions. Since this is true, the assignments of error present no questions for our determination which can be settled according to the contentions of counsel.

The record is free from defects and the judgment has properly settled the rights of the parties, and it must accordingly be affirmed.

*Affirmed.*