OSCAR KORAH

*v.*

THE CITY OF OTTAWA.

</div>

1. CITY OF OTTAWA — *its powers and duties as to canal bridges.* The city of Ottawa has authority, under its charter, to pass an ordinance imposing a penalty

16

upon commanders of canal boats, etc., for injuries done by them to bridges over the Illinois and Michigan Canal, within the city limits, notwithstanding the same power was previously conferred by law upon the Canal "Board of Trustees."

2. But in exercising its power to erect a bridge over the canal, the city must so construct it as not materially to obstruct the navigation, or to create unnecessary difficulty in passing it with boats, without striking the bridge; otherwise they cannot recover for injuries resulting therefrom.

3. IMPLIED POWERS OF CITIES. The power to erect and keep bridges in repair implies the authority to employ the means necessary and proper to the end; and the imposition of fines for a willful or negligent injury to such structures would not be an improper means of aiding to keep them in repair.

4. There can scarcely be a doubt, that under the authority to regulate the police of the city, they may impose fines and forfeitures for injury to public property within the city limits.

5. TWO GRANTS OF POWER BEING REPUGNANT — *the last prevails.* If the grant of the same power to the Illinois and Michigan Canal Trustees and to the city of Ottawa is repugnant, the last expressed will of the legislature must control.

6. MASTER AND SERVANT — *respondeat superior.* The fact that the master of a canal boat was not on board the boat at the time an injury to a bridge resulted from the negligence of his crew, who were on board, will not excuse him from liability for their neglect, he being at the time on the towpath and in immediate command of the crew.

7. As commander of the boat, it was his duty to have been on board, or to have intrusted it to the management of a skillful, careful and competent person. It follows, if the act was wantonly or negligently done, the master must be held responsible.

8. The crew were his servants, and he must be held responsible for their acts, whilst in the line of their duty, to the same extent as if he were personally present and directing their actions.

9. The master is always liable for the neglect or willful acts of his servant, when the latter is in his immediate employment, unless he forbid the act.

10. NEGLIGENCE — *what constitutes.* Where an injury is done to a bridge, by being struck by a canal boat, the master of the boat would be guilty of negligence, if it appeared he undertook to navigate the boat when the rudder would not work, so as to enable him to guide the boat under ordinary circumstances, if he knew, or by the use of ordinary prudence, might have known, that the rudder was working defectively, that being the occasion of the accident.

11. PRESUMPTION — *negligence of servants.* If the injury to the bridge was the result of negligence on the part of the crew of the boat, in seeking to hold the master responsible therefor the presumption would be that, if the master had charge of the boat at the time of the committing of the alleged offense, the men therein acted under his authority.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of debt commenced before a justice of the peace in La Salle county, by the city of Ottawa, against Oscar Korah, upon the complaint "that on the 6th day of September, 1862, within said city, defendant, having charge of canal boat Danube, did negligently run said boat against Madison street bridge, and did thereby greatly injure said bridge."

Such proceedings were had before the justice, that a judgment was obtained against the defendant below, who took an appeal therefrom to the Circuit Court.

The suit was instituted to recover the fine prescribed for such an offense by an ordinance of the city, which was as follows:

SEC. 1. Be it enacted by the City Council of the city of Ottawa, that, if the owner or master of, or any person employed on or having charge of any canal boat, or craft or float, shall injure, or run such canal boat, or other craft or float, either willfully or negligently against any public bridge or the draw thereof, or any ferry, or any public wharf or private wharf at which wharfage is charged within the limits of this city, every person so offending shall be fined a sum not exceeding one hundred dollars, nor less than five dollars, for each and every such offense, and shall likewise be answerable to the city for damages for such injury.

The defendant moved to dismiss the suit for the want of jurisdiction in the court below. This motion was denied, and the defendant excepted. A jury was then impanneled to try the issue.

It appears from the evidence adduced on the trial, in the Circuit Court, that the bridge in question was a swing bridge, erected across a side cut canal in the city of Ottawa. The canal boat Danube, which was under the command of the defendant, while endeavoring to pass through this bridge, was run against it with such force as to injure it. The defendant was not on board the boat at the time of the occurrence, but

his crew were, and acting under his immediate direction, he being at the time on the towpath. Testimony was introduced on the part of the defendant, with the view to show that the bridge was an obstruction to the navigation of the canal, on account of the narrowness of the channel between the bridge and the bank, and the adverse current produced by the pier, which rendered it difficult and unsafe for boats to pass. The plaintiff introduced counter evidence on this point, and the jury concluded that the accident was the result of negligence on the part of the crew in their management of the boat.

During the progress of the trial the defendant offered in evidence certain rules and regulations of the Illinois and Michigan Canal, regulating the police of the canal, and prescribing a penalty for this same offense. But the court refused to admit them, and the defendant excepted.

The evidence being closed, the court instructed the jury, on behalf of the plaintiff as follows:

1. If the jury believe, from the evidence, that the defendant, Oscar Korah, at the time of the injury complained of, was the captain or master of the canal boat Danube, having charge of said boat at the time, and that said boat was run willfully or negligently against the bridge, or pier of the Madison street bridge, a public highway in the city of Ottawa, over the lateral canal, whilst the said Korah was master or captain as aforesaid, having charge of said boat, then the jury will find the defendant guilty, and fix a fine not exceeding one hundred dollars, nor less than ten dollars.

2. If the jury believe, from the evidence, that the defendant, Oscar Korah, at the time of the injury complained of, was the captain or master of the canal boat Danube, having charge of said boat at said time, and that said boat was run against the pier or bridge in controversy, and that said bridge was a public highway in the city of Ottawa, over the lateral canal, injuring said bridge or pier whilst said Korah was master or captain of said boat, having charge of the same, and that said injury, if proven, could have been avoided by the exercise of ordinary skill and caution by the defendant, or those acting

under his authority, then the jury will find against the defendant.

3. It would be negligence on the part of the defendant if he undertook to navigate the boat when the rudder would not work in the ordinary way, and so as to be able to guide the boat under ordinary circumstances, if he knew, or by the use of ordinary prudence might have known, that the rudder would not work well, so as to guide the boat under ordinary circumstances.

To the giving of each of said instructions defendant excepted.

On the part of the defendant the court gave the following instructions:

1. Every citizen has a right to navigate the side-cut with boats, under the rules and regulations provided by the trustees of the canal, and the city had no right to erect a bridge across it in such manner as to materially interfere with the navigation; and if the bridge in question does materially obstruct the navigation of the side-cut, the defendant cannot be found guilty in this action.

The defendant asked the court to instruct the jury as follows:

2. "In building a bridge across the side-cut, the city were bound to use reasonable care and skill to build it in such a way as to cause no unnecessary difficulty in passing the bridge, without injury to bridge or boat; and if it was built in such a manner as to create unnecessary difficulty in passing without hitting the bridge, the city cannot recover against defendant in this action, unless he run against the bridge on purpose.

Refused by court, and qualified by adding the words "or negligently," to which refusal to give the same, and to which qualification, defendant excepted.

Defendant asked the court to instruct the jury as follows:

3. "If the boat struck the bridge on account of a defect in the rudder that prevented the boat from steering well, the defendant is not liable in this action, unless it is proven that defendant knew of such defect in the rudder."

Refused by court, and qualified by adding the words " or might have known it by the use of ordinary diligence," to which refusal to give the same, and to which qualification, defendant excepted.

Defendant asked the court to instruct the jury as follows :

4. " Unless it is proven that the defendant run the boat in question against the bridge himself, or that those who did run it in the way they did by his command or authority, they should find for the defendant.

Refused by court, and qualified by adding the words " the presumption is, however, if defendant had charge of the boat at the time of the alleged offense, that the men engaged therein acted under his authority," to which refusal to give the same, and to which qualification, defendant excepted.

Defendant asked the court to instruct the jury as follows :

5. " If the jury believe, from the evidence, that the man on the bow or stern of the boat, spoken of by the witnesses, willfully ran the boat against the bridge in question, without the direction or assent of the master, the captain of the boat will not be answerable for the conduct of the men in this form of action."

Refused by court, and qualified by adding the words " and not under his authority," after the word " master," to which refusal to give the same, and to which qualification, defendant excepted.

The court instructed the jury :

6. " That the defendant is not liable in this action, for the neglect or willful acts of others, unless such acts were done by his command or authority."

Defendant asked the court to instruct the jury as follows :

7. " That the right to pass an ordinance to protect bridges on the side-cut canal is vested, by law, in the board of trustees of the Illinois & Michigan Canal; and if they have passed an ordinance providing a penalty for hitting bridges on the side-cut, in the manner that defendant is charged with doing in this action, then defendant cannot be convicted under the ordinance of the city of Ottawa, which was read in evidence."

Refused by court, to which refusal to give the same defendant excepted.

A verdict was returned for the plaintiff. A motion for a new trial was overruled, and judgment entered upon the verdict. Thereupon the defendant sued out this writ of error, and now insists:

1. That the court erred in refusing to dismiss the suit, for want of jurisdiction.

2. In refusing to allow the defendant to give in evidence the rules and regulations of the Illinois and Michigan canal, in reference to the subject matter of this suit.

3. In giving the instructions asked by the plaintiff.

4. In refusing to give to the jury the 2d, 3d, 4th and 5th instructions asked by the defendant, and each of them, as asked, and in qualifying the same and each of them, and in refusing to give the 7th instruction asked by defendant.

5. In refusing to grant a new trial.

Messrs. GLOVER, COOK & CAMPBELL, for the plaintiff in error, made the point that, if the captain of the boat was in his proper place, and doing his proper duty, he ought not to be punished in this form, because of the men on the boat being guilty of negligence.

The second instruction, it was contended, held the defendant liable for the want of proper skill and caution by those under his authority, even though he acted with all due care and skill himself; this they denied being the law, and cited *Cushing* v. *Dill*, 2 Scam. 461; *Batchelder* v. *Kelly*, 10 N. H. 436; *Whitecraft* v. *Vandevere*, 12 Ill. 239; *Smith* v. *Causey*, 22 Ala. 570.

Messrs. GRAY, AVERY & BUSHNELL, for the defendant in error.

The full extent of the principle of *respondeat superior* is this, that where the act from which the injury results is done *willfully* by the servant, and the master does not assent to the *willfulness*, the liability is on the servant alone. But where the master commands the act to be done, or the act is done

in his presence, and by his authority, express or implied, or where the master being present does not dissent, in all such cases he makes the act of the servant, however willfully done, his own willful act, and both are responsible. Where the master is *present*, so that he can give his order to the servant, the legal presumption is that the master assents to the act being done, as it is done by the servant, whether willfully or negligently. And the law throws, in such case, the *onus* on the master, to negative the legal presumption and show a dissent on his part. In respect to negligence on the part of the servant, the master is always liable where he is present, unless he shows dissent. For it is said, that the reason is why the master is liable for the negligence or want of skill of the servant, "that it is the duty of the master to employ servants who are honest, skillful and careful." So both are held liable, where the servant does an injury *fraudulently*, while in the immediate employment of his master. 2 Kent's Com. 279; 1 Blacks. Com. 431; 6 Esp. N. P. Cases, 6; 6 Gill. & Johnson, 291; 19 Wend. 345; 1 Iredell, 240.

An authority from the master to do the act, may be express or *implied*.

If the master is present when a willful or negligent act is committed by the servant, and is perfectly passive, without any interposition, the master is liable; for he thereby makes the willfulness or negligence of the servant his own willfulness or negligence. A passive acquiescence is inferable. *Chandler* v. *Boughton*, 1 Cromp. & Mees. 29; *McLaughlin* v. *Pryor*, 1 Carr. & Marsh. 354; *Lyon* v. *Martin*, 8 Adolph. & Ellis, 512.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is contended that the city of Ottawa had no power to pass the ordinance imposing the penalty for willfully or negligently injuring this bridge; that the legislature had previously conferred the power on the canal "board of trustees," to establish such rules, by-laws and regulations in relation to transportation on the canal, the conduct of boats and rafts, and the

general police of the canal, as are usual or may be found necessary, and that this grant of power to the board of trustees was exclusive over the whole matter. It further appears that the trustees had acted under this authority, and provided for the imposition of a fine of not less than five, nor more than twenty-five dollars for an injury to any bridge on the canal, by any person navigating any boat or float thereon, as the superintendent may, in his discretion, impose.

The legislature, by enactment, in the charter of the city (Sess. Laws 1850, p. 300), conferred power upon the city council to establish, erect and keep in repair, bridges within the city. It authorizes them to impose fines, forfeitures and penalties for the breach of any ordinance; to adopt all ordinances necessary and proper for the regulation of the police of the city, and to carry into execution the powers conferred by the act, not repugnant to the Constitution of the United States or of this State.

The power to keep the bridges in the city in repair, confers the authority to employ the means necessary to the end. And the imposition of a forfeiture for a willful or negligent injury to such structures, would be a very effectual and not an improper mode to aid in keeping them in repair. There can scarcely be a doubt, that under the authority to regulate the police of the city, they may impose fines and forfeitures for injury to public property within the city limits. And this power was conferred upon the city after the passage of the law which empowered the trustees to act. And if the two grants of power are repugnant, the last expressed will of the legislature must control. It then follows, that the court did not err in excluding the rules adopted by the trustees as evidence on the trial below. The city council having acted, the penalties imposed or regulations adopted by the trustees could not have any effect upon the result of the trial.

It was insisted that plaintiff in error was not liable, because he was not on board when the injury occurred. If he was not on board, his crew were, and they were under his command, and subject to his control. They were his servants, and he must

17

be responsible for their acts, whilst in the line of their duty, to the same extent as if he were personally present and directing their actions. The master is always liable for the negligent or willful acts of his servant, when the latter is in his immediate employment, unless he forbids the act. The crew were under his immediate command, as the evidence shows, that he was giving orders at the time, and it can make no difference whether he was on the boat or the towpath. As commander of the boat, it was his duty to have been on board, or to have intrusted it to the management of a skillful, careful and competent person. And it therefore follows, that if the act was wantonly or negligently done, the master must be responsible.

The jury have found that the act was negligent. The instructions present fairly the law arising upon the evidence, and the verdict is sustained by the proof. And the judgment of the court below is affirmed.

*Judgment affirmed.*