ELIZ. PLEYTE, PLAINTIFF IN ERROR, v. DIRK PLEYTE, DEFENDANT IN ERROR.

1. PRACTICE IN DIVORCE CASES—TRIAL BY JURY.—The grounds for divorce in this state are purely statutory, and the district courts are invested by the statute with jurisdiction in this class of actions, although other acts have extended the jurisdiction to other courts. Restrictions and limitations are imposed by the statute respecting the right of action and the mode of procedure, one of which is that when the charges in the bill are denied by the answer of the defendant the trial shall be by jury.

2. CONSTRUCTION OF SUPERIOR COURT ACT IN DIVORCE TRIALS.—The act creating the superior court of Denver provided that it should have and exercise, within certain territorial limits, "such jurisdiction and powers in civil actions, and be governed by such practice and proceedings as are now or may hereafter be provided by law, or may be applicable to the district courts." The section relating to the summoning of juries provided that they should be summoned in the manner provided by law for summoning juries to try causes in the county courts. The latter provision, as applicable to divorce cases wherein the charges of the bill are denied by the answer, is to be limited to the manner of summoning the jury, and not to the requirement of the county court act, that the party demanding a jury shall advance the fees. The denial of a jury trial in such case, on failure of the party demanding it to advance the jury fees, was therefore erroneous.

*Error to Superior Court of Denver.*

IN 1888 Mrs. Pleyte filed a bill against the defendant in error to obtain alimony by way of separate maintenance. The husband answered, denied the various allegations of the complaint, set up sundry affirmative matters of a defensive character, and filed a cross-complaint. In the cross-complaint he prayed for a divorce *a vinculo*. On the 10th day of December following the cause was set for trial on the 7th day of January, 1889. When the cause came on for trial under the order, Mrs. Pleyte demanded a jury for the trial of the issue which had been tendered on the cross-complaint, but the court refused to grant it except on condition that she

advance the costs incidental to the procurement of a jury as in the county court. This she refused to do, and thereupon the court denied the application and proceeded to try the case, and entered a decree of divorce.

The superior court in which the cause was tried was created by an act of the legislature February 10, 1883. Its jurisdiction is granted in this language: "shall have and exercise such jurisdiction and powers in civil actions, and be governed by such practice and proceedings as now are, or may hereafter be, provided by law or may be applicable to district courts." By section 3 of the act the jurisdiction was to be exercised within certain territorial limits, and that section in general provided that the court should be governed in all proceedings with reference to practice and pleadings. by the laws determining such matters for the district court. Its process was to be issued and served in like manner as processes were issued and served from the district court. Section 15 of the act related to the procurement of juries in civil causes and it substantially provided: "in any action * * * in which a party is entitled to a jury, such party may have a jury summoned, etc., * * * in the manner provided by law for the summoning of jurors to try causes in the county courts." There were no other provisions in the act which related either to the jurisdiction of the court, or to the method which was to be adopted to obtain the juries by which the causes should be .tried. The county court act contained a section which substantially enacted, that in any action pending in that court either party might have a jury by advancing the fees for the payment of the jurors, and that the amount paid should 'be taxed as costs. The act likewise provided that the jurors should be summoned by an open venire directed to the sheriff of the county. There was no other provision in the act with reference to the process or means by which a jury should be procured in that court.

In 1868 an act upon the subject of divorces was adopted by the territorial legislature, and it has remained in force from that time to the present, having been re-enacted in the

general laws of 1877, and the statutes of 1883. By these acts, which were in force at the time of the trial of this suit, the district court was given jurisdiction in all cases of divorce and alimony. Its process, practice and proceedings were to be as in chancery, "except as modified by this particular statute." By the 5th section cases of this sort must be tried by jury when the "charges in the bill are denied." It would appear from the record that the superior court had adopted a rule, requiring parties who demanded a jury to prepay the fees as a condition precedent to the enjoyment of that sort of a trial. The trial without a jury is the principal error complained of.

Messrs. SULLIVAN & MAY, and Messrs. COE & FREEMAN, for plaintiff in error.

Messrs. PATTERSON & THOMAS, for defendant in error.

BISSELL, J. The question presented by the record is one of gravity to the parties in this action, but is of little consequence to the profession. The superior court has been abolished, and the act to be construed entirely repealed, and the question to be determined is therefore of slight general interest. The importance of the decision to the parties to the action is the only excuse for a citation of the statutes, and the assignment of the reasons upon which the decision is based. The act creating the court contains but one section which specifically relates to the matter of the present inquiry, viz.:—the right of trial by jury in these actions in the superior court. The question cannot be answered by a consideration of that section. It is neither definite, absolute nor unequivocal, and under these circumstances may be taken to be controlled as to its implications by other portions of the act. To construe the act with reference to this matter it is essential to ascertain what jurisdiction was granted, and whether that jurisdiction was, as to particular actions, subject to any limitations which were expressed in the statute,

or which necessarily resulted from the fact that the jurisdiction conferred was of itself limited. It will be useful first to inquire whether the jurisdiction of the district courts was in anywise limited in respect of this matter, since it will appear that this was the only jurisdiction conferred upon the superior court. A discussion as to the extent and scope of the jurisdiction of chancery courts in actions for divorce is wholly unnecessary. It may be conceded at the outset, that originally, when triable at all by such tribunals, these causes were triable only by the procedure which was suited to courts of equity, and which always prevailed in them. By analogy, wherever the action for divorce existed by statute, and there was no provision made with reference to the method of trial the courts always followed the established practice in those particulars, tried the cases as in equity, and rendered such decree as the statute and the case warranted. It must be conceded that in this state the cause of action for divorce is purely statutory. No suit for divorce will lie unless it be based upon some one of the statutory grounds, and unless it be brought in the manner prescribed. When, therefore, litigants are by statute given the right to bring suits in the district court for the dissolution of their matrimonial obligations upon certain specified grounds, and the statute imposes certain restrictions and limitations, either as to the right of action or as to the method of procedure, those conditions must be complied with to entitle the court to render a decree in such suit. There might have been some embarrassment in the determination of this question, if the statute had simply provided that the district court sitting as a court of chancery should have jurisdiction, but it further enacted that the chancery process, practice and proceedings should be subject to the limitations expressed in the act. It therefore follows, that when the act subsequently provided that every issue of fact raised by a denial of the alleged grounds for divorce must be tried by a jury, such an issue could only be tried in that way, and the right to maintain an action for a divorce was subject to that particular and special limitation, and to

disregard it, and try the case and render a decree without the verdict of a jury upon the issues, would be error, unless in some legally binding manner the party had waived the right. That the same result must follow when the superior court failed to observe the statutory requirement seems equally clear. By the terms of the act its jurisdiction was made concurrent with that of the district court. The jurisdiction was to be exercised within specified territorial limits over those subject matters of which the district court had general jurisdiction. The causes were to be tried by the same methods, and under the identical statutes regulating the practice, pleadings, and proceedings in the district court. It cannot be urged, as in the case of the county court, that by virtue of its general chancery jurisdiction it might hear and determine according to the ancient chancery methods, because by the express terms of the statute creating it the only jurisdiction granted was one co-ordinate with that of the district court. This co-ordinate jurisdiction must thus be taken with every expressed limitation; the powers granted must be as general, and likewise as circumscribed, as those possessed by the district courts. There would thus seem to be no escape from the conclusion, that if the jurisdiction of the district court, in matters of divorce, was subject to the right of trial by jury where an issue of denial was made by the answer, that of the superior court could only be exercised under the same condition, and subject to the same restriction. The force of this position is sought to be avoided by reference to the 15th section, which provided for the method of summoning a jury in causes triable in that court. No other provision upon the subject, or having any bearing upon it, can be found in the act. That section only enacts that a jury shall be summoned in the manner provided for summoning juries in the county court. It places no limitation upon the right to a trial by jury, nor does it re-enact the section contained in the county court act by reference to it, nor does it, by inference or implication, adopt the limitation upon the right to a jury contained

in that provision. The right to a jury trial in the county court is undoubtedly dependent upon the prepayment of the fees of the jurors by the party who makes the demand. It is likewise true that the jury in that court is to be summoned by an open venire directed to the sheriff of the county, under the rules and regulations which may be adopted by the court for the purpose. But it is not easy to see in what way the method of procurement is at all affected by the limitation upon the right to a jury elsewhere expressed in the statute. Because it happens to be true that a litigant in the county court can only obtain a jury by a prepayment of the fees, that circumstance in no wise modifies, affects, or in any way relates to the mode of procuring the jury when once the right to it has attached. The two parts of the statute relate to two different subdivisions of the same general subject matter; the one having a relation to the right itself, and the other providing means by which the right shall be enforced when it has once accrued. The true construction of section 15 of the superior court act is thus rendered apparent and easy. It did not attempt, either in terms or by implication, to re-enact the entire county court provision with reference to the matter of juries,—it simply enacted that a jury should be summoned in the manner provided by law for summoning jurors in the county court. It neither stated nor provided that the right to a jury should be subject to the limitations, or should be had upon the conditions, under which they might be had in the county court, nor did it enact that parties might have juries as and when they might in such courts, and that such juries should be summoned under like conditions and circumstances as were provided for in the act relating to county courts, but, apparently by legislative intention, withheld all reference to the right of trial by jury, and made only that portion of the statute applicable which related to the method of procurement; the language being, "when a party is entitled, it shall be summoned in the manner provided for summoning juries" etc. Had the statute provided that a party might have a jury to try the issue as

in the county court, or under like circumstances and upon like terms, which should be summoned in the manner provided by law for the summoning of jurors in that tribunal, no question could have been raised in the premises. A careful selection of such phraseology as would only relate to the method of procurement, when less than half a dozen words would have made plain their intention and impose a condition upon the right, renders it evident that the legislature had no such purpose. To import, by an unnecessary construction, a condition into a statute which would have such an important effect upon the rights of parties in this class of causes would be a violation of all well recognized canons of statutory construction. The unwisdom of importing a condition into a statute is easily seen when once the nature of the cause of action is considered. The interests of good morals and of society require that these actions should be surrounded by every impediment which would either tend to prevent their increase, or to render an unjust result impossible. Publicity creates a wall over which none but just suitors can climb. For many years it has been patent to all courts, and to all observant citizens, that there is no class of controversies in which the courts are more frequently imposed upon, and the right more often defeated, than in suits of this description. The policy of the legislature in its enactment upon the subject of divorce and alimony is plainly foreshadowed by the provisions with reference to trials by jury. It should be followed and enforced by the courts, unless in plain terms, or by necessary statutory construction a different rule has been declared applicable to actions of this description. Various other errors have been assigned and discussed by counsel in their briefs, but they are not likely to be of importance upon the subsequent trial of the case. The case is reversed and remanded.

*Reversed.*

RICHMOND, P. J., dissenting.

I regret my inability to concur in the foregoing opinion.

The record in this case discloses the fact to be, that in the superior court plaintiff in error demanded a trial by jury. The court then, in accordance with the rules, and its understanding of the statute creating said court, requested the payment of fees in advance for the jury, with which request plaintiff in error declined to comply. The court thereupon proceeded without a jury, and, in the absence of plaintiff in error, heard the testimony upon the averments in the cross-complaint.

The only question presented in the case is, was plaintiff in error entitled to a jury trial?

Section 5, chapter 32, General Statutes, 1883, provides: "In all cases for a divorce, where the defendant shall appear and deny the charges in the complainant's bill alleged, the same shall be tried by jury."

The act creating the superior court provides: "That in any action pending before a superior court, in which a party thereto is entitled to a jury, such party may have a jury summoned to try the same in the manner provided by law for summoning jurors to try cases in the county court." Section 15, p. 398, General Laws.

The act relating to county courts provides: "That in any action pending before the county court either party may have a jury summoned to try the same by advancing fees for the payment of such jurors, and when judgment shall be rendered in favor of the party demanding a trial by jury, such party shall recover the fees paid by him for such jurors of the adverse party, and have the amount thereof taxed as a part of the costs in the case. * * *" Section 21, p. 249, General Laws.

Under the act creating the superior court it is provided, by section 3, that such superior court shall have original and concurrent jurisdiction with district courts within the limits of the several cities and incorporated towns for which they were created. That the said courts of the state in all civil causes, both at law and in equity, shall have such appellate jurisdiction in such causes as is provided by law for the district courts, and shall be governed in all proceedings with

reference to process and pleading by the laws now or here-after to be enacted for the district courts. All process issued out of the superior court shall be issued and served in like manner as similar process is issued and served from district courts of the state.

Section 469, Civil Procedure, provides, that in all civil actions within their jurisdiction the county courts and the judges thereof shall have the same power to grant all orders, writs and processes which the district court or the judges thereof have power to grant within their jurisdiction, and to hear and determine all questions arising within their jurisdiction, as fully and completely, as the district court or the judges thereof have power to do under the laws of this state, except as otherwise provided in this act.

It cannot be denied that the act creating the superior court is a special act. It cannot be denied that the act creating the superior court does not provide for the summoning of jurors as is provided by the law and practice act relating to the district courts. It cannot be asserted that the compensation of jurors summoned in the superior court is in any manner provided for by the act creating the court, save and except the fees be advanced as a prerequisite to the issuance of the summons, as provided by the act concerning trial by jury in the county court.

Is it not a fact that a general statute cannot prevail over a special one; and does not the theory, that section 15 of the act pertaining to the superior court simply refers to the manner of summoning a jury, sink the spirit of the act into the letter? Sedg. on Const. & Stat. Law, 99, 229, 104, 105; *Branagan v. Dulaney*, 8 Colo. 408.

"*Leges posteriores, priores contrarias abrogant.* If two inconsistent acts be passed at different times, the last is to be obeyed; and if obedience cannot be observed without derogating from the first, it is the first which must give way."

Under the act, to wit, "The Code of Procedure, the method of summoning a jury, the manner in which they may be drawn, by whom drawn and from what particular class of

people they may be drawn, is provided for so far as the district court is concerned." Is that true so far as the superior court is concerned? The superior court by section 4, is conceded to have the same powers, when not otherwise provided by law, to prescribe by rule the time of pleading, and shall have the same powers as the district courts have to regulate their practice, process and proceedings in other respects. It was the rule of the court that a party demanding a jury in any case pending should advance the fees for the payment of the same. Does the provision of section 3, which provides that said superior court shall be governed in all proceedings with reference to practice and pleading by the laws now or hereinafter to be enacted by the district courts, inhibit the superior court from providing that in cases where either party litigant desires a jury that they shall advance the compensation necessary to be paid for the services of such jurors?

This, in my judgment, is not clogging by restrictions the right to a trial by jury, but simply provides for a condition precedent to the exercise of that right.

The practice in the county court is the same as that in the district court, the same as that provided in the superior court and district court, save and except the explicit wording of the statute, providing for a jury trial in the county court.

Now, does the provision, "shall be summoned in the same manner as in the county court," refer simply to the method of summoning the jury, or has it not a larger and more comprehensive operation, to wit; they shall be summoned in the same manner and upon the same terms and conditions. In other words, the superior court should summon a jury upon the advance of the fees by the party demanding a jury. No provision is made for a jury, or rather for the payment of a jury in any case unless it be summoned in the same manner as they are in the county court.

It occurs to me, that had it been in the contemplation of the legislature that a jury should be summoned in the same manner and under the same circumstances as is provided for

in district courts, the word "district," instead of "county," would have been used.

Thus we have left the act without ambiguity. There can be no doubt as to what the legislature meant. They said in this instance we will create a court with limited jurisdiction, limited to cases arising within the city of Denver, a city of a certain population, limited to the extent that only cases arising within the domain of that city would come within the jurisdiction of that court. The purpose of the act was to expedite litigation, which, by reason of the increased population and commercial importance of Denver, had rapidly increased to such an extent that the then existing district courts of Arapahoe county could not cope with the volume of business, and for the purpose of aiding in the disposition of the same they provided that in all cases the expense incident to litigation by the constant attendance of jurors, from time to time, during eight, perhaps ten months of the entire year, should not be necessary, and that every litigant who should present his case to that court should have a right of trial by jury on condition that he should do as was required of litigants in the county court, to wit, advance the fees of jurors. This being so, and being a subsequent act to the act creating the district courts, and to the act creating the county courts, and to the "Divorce and Alimony act," it in my judgment operates to suspend the provisions of the divorce act, which provides that in cases where complaint and answer is made, the causes shall be tried by a jury. It suspends it only to the extent of saying, that they shall be tried by jury when the parties litigant demand it and comply with the rules of that court, to wit, payment of fees. I am utterly unable to concur in the opinion, that by reason of the provisions of the act concerning divorce and alimony a party is entitled to a jury irrespective of the rules and regulations that the courts may establish by authority of subsequent legislation concerning such trials.

When the constitution declared that trial by jury should be observed, no restriction was thereby laid on the legisla-

ture as to erecting or organizing judicial tribunals in such manner as might be most conducive to the public convenience and interest.

It is true that the legislature cannot impose any provisions substantially restrictive of the trial by jury. They may give existence to forms; they may modify the powers and change the form of courts; still the sacred right of any citizen to trial by jury must be preserved. Here the right of trial by jury is given upon condition. True the party may be subjected to some inconvenience in paying the fee, but this inconvenience does not amount to a denial of right. If the provisions of the constitution providing for a trial by jury can be thus qualified, made operative upon condition, why then cannot a trial by jury provided for in the statute be subjected to subsequent legislation, and subsequent rules of practice promulgated by courts of subsequent creation under subsequent powers?

An act which authorizes a judgment to be rendered without the intervention of a jury is not, on that account, unconstitutional, nor would it be where it guarantees this right ultimately as it does in this case. If a party therefore does not demand a trial by jury in conformity with the rules of the court and the statute, pray tell me why he or she should complain?

This action was originally commenced in the superior court, by the plaintiff in error. The act creating the superior court was before her,— of its existence and provisions she was expected to take notice, and she knew that in going into that court the practice of that court was to summon jurors upon request of either party, plaintiff or defendant, and upon payment of fees. Why the rule should obtain in divorce suits different from that in all other actions, both in law and in equity, I cannot fathom.

The terms may be onerous, but this is purely a question of expediency, and one which must from its very nature address itself exclusively to the law-maker. It is difficult to prescribe limits to the powers of the legislature. Cases might

arise which would authorize that body to act very far in dis-
regard of rules and regulations which are ordinarily observed
in the enactment of the law for the assertion and defense of
rights.    There is no infringment upon the right of trial by
jury, either under the act concerning divorce and alimony,
or in the provisions of the constitution of the state.    It is
simply exacting the payment of fees as a prerequisite to that
right.    I may here remark that the law always properly
manifests its tenderness for the impotent and the poor, and
the plaintiff in this case, if without means or ability to pay
or advance the fees necessary to secure the jury, could have
made the affidavit that such was her condition, and by the
provisions of our law she was then absolutely entitled to
prosecute that case and secure that jury by order of that
court at the expense of the people.    To the rules of conduct
prescribed by law, and the rules of the superior court, she
submitted herself, and she was bound by its judgment.

In *Conneau v. Geis*, 73 Cal. 176, the supreme court said
the rule requiring a party demanding a trial by jury to de-
posit the jury fees with the clerk, in advance of the trial, is
a reasonable regulation of the mode of enjoyment of the
right of trial by jury, and is not a denial or impairment of
the right; and the party demanding a jury trial, upon re-
fusal to comply with the rule *waives his right to a jury*.
Right of trial by jury in equity and divorce cases is a matter
of statute.    At common law no such right exists.    The
method of trial, and compensation in such cases, is well
known to every lawyer, and being a creation of statute I
think it clearly follows that the superior court in establish-
ing the rule that where a party in any case *without exception*
demanded a jury, that such party should advance the fees,
and by a failure to do so he or she waives the right to a jury,
was warranted by section 15 of the act creating said court.

Let it be observed that the act creating the superior court
makes no provision for jurors, except by section 15, which
provides they may be summoned to try the issue in the man-
ner provided by law for summoning jurors in causes in the

*county courts.* By the method providing for jurors in the
district court, in every case save equity, a right of trial by
jury is granted in the district court, and at each and every
term of the district court a jury of twelve or more are in
constant attendance, and in the county and superior courts
*never.* The very language of section 15 says, in any action
pending before a superior court in which a party thereto is
entitled to a jury, such party *may have* a jury.  " *May have* "
a jury implies that they must ask for a jury, and they may
be summoned under the rule and regulations of that court
in the same manner as jurors to try causes in the county
courts are.

It is well settled that a subsequent statute which is clearly
repugnant to a prior statute necessarily repeals the former,
although it does not do so in terms, and even if the subsequent
statute be not repugnant in all its provisions to a prior one,
yet if the latter statute was clearly intended to prescribe the
only rule that should govern in the case provided for, it re-
peals the original act.  Sedgwick on Con., pages 104, 105;
*Korah v. The City of Ottawa,* 32 Ill. 121.

Cases without number can be found which declare that
every statute is, by implication, a repeal of all prior statutes
so far as it is contrary and repugnant thereto, and that with-
out any repealing clause.  It can also be said that the prin-
ciple is without contradiction, that where two statutes can
be made to stand together it is the duty of the court to give
them full effect.  Sedg. on Con., p. 105.  The latter princi-
ple, so far as the practice in the county court, superior and
district courts is concerned, can be applied without doing
violence to reason and yet support every right and privilege
that the plaintiff in error could claim under any provision of
any of the acts applicable to her case.  The first principle
above recited supports the contention that I make, to the
effect that the act creating the superior court, in so far as it
refers to a jury trial in causes therein pending, is obnoxious
to the provisions of the law providing for jury trials in dis-
trict courts and is consistent with the provisions of the act

providing when and in what manner jury trials may be had in the county court.

In expounding the acts of the legislature it is a well established rule, that the intention of the maker must prevail, and this is to be collected from the *words* "and the necessity of the legislation."

I am thoroughly convinced that the plaintiff in error is without remedy in this court and that the judgment of the court below should be affirmed.

*Reversed.*