## Village of Washington Heights v. John Moffatt et al.

1. CONSTRUCTION OF STATUTES—*Revising Acts—Repeal.*—A subsequent statute revising the whole subject-matter of a former one and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former.

2. SAME—*Repeal by Implication.*—A subsequent statute inconsistent and irreconcilable with a prior statute on the same subject-matter, operates to repeal the former by implication.

3. REPEAL OF THE ACT OF 1874—*By the Act of 1887.*—The act of the General Assembly passed March 14, 1874, entitled "An act to provide for the laying of water supply pipes by bonds and special assessment, payable in installments," was repealed by the "Act to amend article 9 of 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, by adding thereto the following sections :" Approved and in force April 29, 1887.

4. ORDINANCES—*Under a Repealed Statute, Void.*—Ordinances providing for public improvements under the act of 1874, passed after the repeal of that act by the act of 1887, are void and of no effect.

**Memorandum.**—Assumpsit. Appeal from a judgment rendered by the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

APPELLANT'S BRIEF, HARRY RUBENS, W. S. JOHNSON AND
I. T. GREENACRE, ATTORNEYS.

Laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject, and it is therefore but reasonable to conclude that the legislature, in passing a statute, did not intend to interfere with or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable, and hence a repeal by implication is not favored. On the contrary the courts are bound to uphold the prior law if the two acts may well subsist together. Sedgwick on Stat. & Const. Law (2d Ed.), 106.

This rule has been affirmed by this court in a long line of cases, in which this court has repeatedly held that it will

not hold a statute repealed if it can be avoided. Hunt v. Chi. Horse & Dummy Ry. Co., 121 Ill. 644; Board of Supervisors v. Campbell, 42 Ill. 490; Card v. McCaleb, 69 Ill. 317; Harding v. Rockford R. I. & C. Ry., 65 Ill. 98; Barr v. People, 103 Ill. 112; Ottawa v. La Salle, 11 Ill. 654; Bruce v. Schuyler, 4 Gilm. 221; Hume v. Gossett, 43 Ill. 297; People ex rel. v. Barr, 44 Ill. 198; Chicago v. Quimby, 38 Ill. 274; Wragg v. Penn T., 94 Ill. 11; Covington v. City of E. St. Louis, 78 Ill. 548; Fowler v. Perkins, 77 Ill. 271.

The act of 1887 does not repeal the act of 1874, even by implication. Both the acts of 1874 and 1887 are clearly remedial statutes. In 1872 all assessments had to be paid at one time; in 1874, water pipes, the costliest of improvements, could be paid for in ten installments; in 1887, all assessments might be, if of large enough amount, or in small enough town to warrant it, be collected in five installments. Now, water pipe assessments may be collected all at once or in five installments, or in any number of installments not exceeding ten, as municipality determines the particular exigencies of the case require, and all other assessments (subject to limitation as to amount and population) may be collected all at once, or in five installments.

The act of 1887 does not by implication repeal the statute of 1874, because:

A remedial statute does not repeal a former remedial statute, unless it contains negative words or an express repeal, but becomes a cumulative remedy. Sedgwick on Statutory and Const. L. (2d Ed.), 100 note; Endlich on Interpretation of Statutes (1888), 307; Tyson v. Postlethwaite, 13 Ill. 728; Waldo v. Bell, 13 La. Ann. 329; Mitchell v. Duncan, 7 Fla. 13; Randebaugh v. Shelby, 6 Ohio St. 307; State v. Berry, 12 Ia. 58; Wilson v. Shorrick, 21 Ia. 332; Boon v. Joliet, 1 Scam. 258.

When there are two acts or provisions of law relating to the same subject, effect is to be given to both if that is practicable. If the two are repugnant, the latter will operate as a repeal of the former to the extent of the repug-

nancy, but the second act will not operate as such repeal merely because it may repeat some of the provisions of the first one, and omit others or add new provisions. In such cases the later act will operate as repeal only where it plainly appears that it was intended as a substitute for the first act. It may be merely affirmative, or cumulative, or auxiliary. Cites Woods v. United States, 16 Pet. (U. S.) 342.

In the absence of any repealing clause it is necessary, to the implication of a repeal, that the objects of the two statutes are the same. If they are not, both statutes will stand, though they refer to the same subject. United States v. Clafflin, 97 U. S. 546.

And a subsequent act, not on the same subject, is not to be construed as a repeal of a former act by mere implication, and this where the object is the same. Lawson v. Lawson, 52 Ill. 62 (69).

A perpetual statute (which all statutes are unless limited to a particular time), until repealed by an act professing to repeal it, or by a clause or section of another act directly bearing in terms upon the particular matter of the first act, notwithstanding an implication to the contrary may be raised by a general law which embraces the subject-matter, is considered still to be the law in force as to the particulars of the subject-matter legislated upon. United States v. Geer, 3 How. (U. S.) 131.

Laws are repealed or amended either expressly or impliedly. As a rule a general statute without negative words will not repeal the particular provisions of a former one unless the two cases are irreconcilably inconsistent. The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of the subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a different manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive provisions, unless it is absolutely necessary to give the latter

such a construction in order that the words may have any meaning at all. State ex rel. v. Buckner, 42 La. Ann. 75.

It is only where the nature of the provisions or the words used are such as to render it impossible to reconcile them, that the court will apply the doctrine of repeal by implication. Attorney General v. Brown, 1 Wis. 513; Attorney General v. R. R. Co., 35 Wis. 425, and 81 Vt. 355.

In this connection see also the following authorities : Sedgwick, Statutory Constitutional Law (2d Ed.), 98; State v. Kellogg, 41 Mo. 24; Blaine v. Bailey, 25 Ind. 165; Maxwell on Statutes (2d Ed.), 217; Endlich on the Interpretation of Statutes, 298, 292; Roberts v. Fahr, 36 Ill. 270; People v. Barr, 44 Ill. 198; McDonough Co. v. Campbell, 42 Ill. 490; Hume v. Gossett, 43 Ill. 297; National Bank of Harrison, 8 Fed. Rep. 721; Wood v. U. S., 16 Penn. (U. S.) 363; Beale v. Hale, 4 How. (U. S.) 37; Kingsland v. Palmer, 52 N. Y. 83; Iverson v. The State, 52 Ala. 170; Morris v. Delaware, etc., Canal, 4 W. & S. (Pa.) 461; Erie v. Bootz, 72 Pa. St. 196.

### APPELLEE'S BRIEF, CHASE & ELIEL, ATTORNEYS.

Appellees contended that the act of 1887 is a revision of the whole subject-matter of levying special assessments for local improvements, payable in installments, and was intended by the legislature as a substitute for the act of 1874. A subsequent statute revising the whole subject-matter of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. Culver v. Third Nat. Bank of Chicago, 64 Ill. 528; Andrews v. People, 75 Ill. 605; Devine v. Com'rs Cook Co., 84 Ill. 590, 595; Sedgwick on Cons. of Stat: and Const. Law, 104.

A subsequent statute inconsistent and irreconcilable with a prior statute on the same subject-matter, operates to repeal the former by implication. Korah v. City of Ottawa,

32 Ill. 121; Dingman v. The People, 51 Ill. 277; Bruce v. Schuyler, 4 Gilm. 221; Ottawa v. La Salle, 11 Ill. 654; City of Chicago v. Quimby, 38 Ill. 274; Board of Supervisors v. Campbell, 42 Ill. 490; Hume v. Gossett, 43 Ill. 297; People ex rel. v. Barr, 44 Ill. 198; Harding v. R. R. I. & St. L. R. R. Co., 65 Ill. 90; Card v. McCaleb, 69 Ill. 314.

Statutes are either declaratory of the common law or remedial of some defects therein. A remedial statute is one made to remedy or supply defects in the common law. Bl. Comm. Book I, p. 86; Sedg. on Const. Stat. & Const. Law, (2d Ed.) 32.

The remedial part of a law is that part "whereby a method is pointed out to recover a man's private rights, or redress his private wrongs." Bl. Comm., Book I, p. 54.

Where the common law and the statute differ, the common law gives place to the statute; and an old statute gives place to a new one. And this upon a general principle of universal law, that *leges posteriores priores contrarias abrogant.* But this is to be understood only when the latter statute is couched in negative terms, or where its matter is so clearly repugnant, that it necessarily implies a negative. But, if both acts be merely affirmative, and the substance such that both may stand together, here the latter does not repeal the former, but they shall both have a concurrent efficacy. Bl. Comm., Book I, p. 89.

Statutes are either general or special, public or private. A general or public act is a universal rule that regards the whole community. Special or private acts are rather exceptions than rules, being those which only operate upon particular persons, and private concerns. Bl. Comm., Book I, 86; Sedg. Const. Stat. & Const. Law, 2d Ed. 24, 371.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment in favor of the appellees rendered in a suit to recover back $2,000 deposited by them with the appellant at the time they made a bid to furnish material and do work for appellant, pay-

ment for which was to be made from funds of a particular special assessment levied and payable in ten annual installments.

The correctness of the judgment depends upon the validity of an ordinance adopted by the board of trustees of the appellant village, on March 18, 1889, providing for the laying of certain water supply pipes, for the performance of which the bid referred to was made; and the validity of that ordinance depends, again, upon whether the act of March 14, 1874, providing for the laying of water supply pipes by bonds and special assessments payable in installments, was repealed by the act of April 29, 1887, amendatory of article IX of the act of 1872, relating to the incorporation of cities and villages.

The learned judge of the Circuit Court, by whom the cause was tried, discussed the question with so much clearness and force that we, agreeing with him, adopt his opinion for our own, as follows:

ADAMS, J.—" The defendant, the village of Washington Heights, was incorporated under the general law of 1872, for the incorporation of cities and villages. While so incorporated the board of trustees of the village passed, March 18, 1889, an ordinance providing for the laying of water supply pipes in a large number of streets of the village, the total estimated cost of the work being $60,504.70.

The ordinance provided that the cost of the work should be defrayed by a special assessment, payable in ten equal annual installments.

The act of March 14, 1874, entitled, ' An act to provide for the laying of water supply pipe by bonds and special assessment, payable in installments,' 1 S. & C. Stat., 507, was the only act purporting to authorize such an assessment as was made.

The village advertised for bids for the doing of the work, and the plaintiffs, among others, bid, and their bid was accepted. Every person bidding was required to deposit with the village, at the time of sending in his bid or proposal, a sum equal to five per cent of the amount of his bid as se-

curity that he would enter into a formal contract with the village for the performance of the work in accordance with the ordinance and his bid, if accepted, which sum so deposited was to be forfeited to the village in the event that the bidder should fail or refuse to contract.

The plaintiffs made the required deposit, amounting to $2,000, and subsequently refused to enter into a formal contract with the village, or to perform the work. The plaintiffs brought this suit to recover the amount deposited by them with the village, claiming that, for several reasons, they were not bound to enter into a formal contract with the village or to perform the work.

The chief ground urged by the plaintiffs for a recovery, and the only one which will now be considered, is that the act of 1874, which was, as before stated, the only act purporting to authorize such an assessment as was made, was not in force at the time of the passage of the ordinance; that it had been repealed by the act of April 29, 1887, entitled " An act to amend article I of an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872."

If this contention is correct, there was no valid ordinance providing for the work; the village could not legally contract for the doing of it; the plaintiffs were right in refusing to contract for or perform it, and in view of the evidence introduced on the trial, are entitled to recover the amount of their deposit.

The act of March 17, 1874, is by its terms applicable only to cities and villages organized under the general municipal incorporation act of 1872, or which have adopted article IX of that act.

This is so manifest from section 1 of the act of 1874, that argument is unnecessary. Although the act of 1874 is perhaps not technically amendatory of the act of 1872, within the meaning of section 13, article IV, of the Constitution, yet it is practically amendatory of that act, in that it adds to the provisions of article IX of the act, and to the powers of cities and villages incorporated under it.

By article IX of the act of 1872, assessments for water supply pipes could not be made payable in annual installments, nor could a city or village under that article, issue bonds for its proportion of the cost of water supply pipes; but under the act of 1874, both these things could be done by cities or villages organized under the act of 1872, or which had adopted article IX of that act. By the act of 1874, a special assessment for water supply pipes might be made payable in annual installments not exceeding ten.

By the act of 1887 certain sections, numbered fifty-five to sixty-eight inclusive, were added to article IX of the act of 1872. The act of 1887, being amendatory of article IX of the act of 1872, applies to all cities and villages organized under the act of 1872, or which have adopted article IX of that act, and consequently applies to the defendant. The phrase, 'under the provisions of this act,' is used in several sections of the act of 1887, and one of the counsel for the city assumed, in argument, that the words 'this act' in that phrase mean the act of 1887, and upon this assumption insisted that the inference was, that the legislature recognized that there was another act, viz., the act of 1874, by virtue of which a special assessment, payable in installments, might be made. But this assumption is manifestly erroneous. The object of the act of 1887, as expressed in its title, is to amend article IX of the act of 1872 by adding thereto the sections contained in the act of 1887. These sections, therefore, are to be read as if following section 54 of article IX of the act of 1872, in their numerical order, and so reading them, the words 'this act,' refer to and mean the act of 1872.

Was the act of 1874 repealed by the act of 1887? The act of 1874 applies only to special assessments for the laying of water supply pipes. The act of 1887 applies to special assessments for any local improvement whatever. The laying of water supply pipes in a city or village is a local improvement, so that there can be no doubt that a city or village incorporated under the act of 1872 could make an assessment under the act of 1887 to defray the cost of laying water supply pipes.

By the act of 1874 such an assessment might be made payable in ten annual installments, and it is not provided in the act that the installments shall be equal, or what the proportion of any installment to the total estimated cost of the improvement shall be. The language is: 'Shall be payable in such annual installments, not exceeding ten in number, as may in such ordinance be prescribed;' so that the number of the installments, not exceeding ten, and the proportion which each installment shall bear to the total estimated cost of the improvement is left solely to the discretion of the municipal legislature.

The act of 1887 fixes the number of installments at five; there can be no more and no less. It also provides that the first installment shall not exceed twenty-five per cent of the total assessment, and that the remainder of the installments after deducting the first installment shall be equal and payable annually thereafter. So that by the act of 1887, the maximum proportion of the first installment to the total assessment is fixed, and the four remaining installments are to be equal.

By the act of 1874, the maximum rate of interest on deferred installments is ten per cent, and within that percentage the rate is left within the discretion of the municipal legislature, and there is no provision in the act by which the property owners may stop interest by payment, before maturity, of the deferred installments. The language is, 'and the subsequent installments shall be payable annually thereafter, with interest until paid.' It is manifest that under this provision a property owner could not compel the acceptance of an installment before its maturity.

By the act of 1887 the rate of interest on the deferred installments is fixed absolutely at six per cent per annum, and it is expressly provided that any installment or installments may be paid at any time before maturity, in which case interest shall be charged only till the time of payment.

By the act of 1874, interest on the deferred installments commences immediately on the issuance by the clerk of the city, town or village of the warrant to the collector; while

by the act of 1887, it only commences to run from the 1st day of July next succeeding the confirmation of the assessment in cases in which the confirmation is had before the 1st day of March, at the then year, but in cases in which the confirmation is not had prior to the 1st day of March in any year, interest does not begin to run until the 1st day of July of the next succeeding year.

By the act of 1874, it was not made necessary to provide in and by the ordinance ordering the improvement that the assessment should be payable in installments, that might be done by an ordinance adopted at any time prior to the issuance of the warrant to the collector for the collection of the assessment, but by the act of 1887 it is expressly provided that when it is desired to collect a special assessment by installments, the ordinance ordering the improvement shall so provide, and shall fix the amount of the first installment.

The act of 1887 contains numerous other provisions in relation to special assessments payable in installments, which are not contained in the act of 1874, and is much more complete and specific than in the act of 1874. For instance, it provides how the assessment roll shall be made, the notice of installments, interest, etc., which shall be given by the collector, how the order of confirmation shall be entered, what the warrant shall contain, what the proceedings for the collection of unpaid installments shall be, how payment for improvements made in conformity with the act shall be made, etc.

The foregoing comparison between the acts of 1874 and 1887, is made for the purpose of showing that the acts are both in regard to the same subject-matter, viz.: The making of local improvements by special assessments payable in installments; that they are wholly inconsistent in many important particulars, and that the later law is more complete and specific in its provisions in relation to the subject-matter not contained in the former law. As before stated, both laws are applicable only to cities and villages organized under the municipal corporation act of 1872, or which have adopted article IX of that act.

Was it the intention of the legislature that cities and villages organized under the act of 1872, might, for the purpose of laying water supply pipes, act as they might elect, either under the act of 1874 or the act of 1887 ?  In other words that they might choose, as they should see fit, either of two wholly inconsistent and repugnant systems ?

The act of 1887 includes the whole subject-matter of the act of 1874 and more.  The former act provided for special assessments payable in installments only in the case of one class of local improvements; the act of 1872 provides for such assessments for any local improvement whatever.  If it was deemed to be to the interest of cities and villages and promotive of the convenience of the owners of assessable property that the power should exist to levy special assessments, payable in installments, to defray the cost of laying water supply pipes, as appears to have been the judgment of the legislature in 1874, no reason is perceived why it might not be equally to the interest of such municipalities and the convenience of such owner that the same power should exist in relation to other local improvements, as seems to have been the judgment of the legislature in 1887.

I am of the opinion that the act of 1887 is a revision of the whole subject-matter of levying special assessments for local improvements, payable in installments, and was intended by the legislature as a substitute for the act of 1874. ' A subsequent statute revising the whole subject-matter of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former.'  Culver v. Third National Bank of Chicago, 64 Ill. 528–534; Andrews v. People, 75 Ib. 605–613; Devine v. Com'rs Cook Co., 84 Ib. 590–595; Sedgwick on Cons. of Stat. and Const. Law, 104–5.

A subsequent statute inconsistent and irreconcilable with a prior statute on the same subject-matter, operates to repeal the former by implication.

See cases cited *supra*, and also, Korah v. City of Ottawa, 32 Ill. 121; Dingman v. The People, 51 Ib. 277.

The Appellate Court, commenting on the acts of 1874 and

1887, say: ' The two statutes are not only inconsistent with but repugnant to each other.' In this view I fully concur. That court in the same opinion say : ' The principle of uniformity as to legislation, taxation and legal proceedings has, in this State, become a part of the constitution. That the same subject should be governed by inconsistent regulations to be adopted as alternatives, is opposed to that principle.' Village of Morgan Park v. Gahan, 35 Ill. App. 646-653.

The part of the opinion of the Appellate Court last quoted is fully sustained by the Supreme Court in The People v. Cooper, 83 Ill. 585-593; Andrews v. The People, 75 Ill. 605-612, 613, and other cases.

That inconveniences may result and mistakes may be induced by the co-existence of inconsistent and repugnant systems, is illustrated in the ordinance in question in this case. Section 2 of the ordinance provides ' that the deferred installments shall bear interest at the rate of six per cent per annum from and after the first day of July next succeeding the confirmation of said assessment; provided, that if said confirmation shall not be had before the first day of March, said installments shall bear interest from the first day of July in the year following said confirmation.' I have quoted the exact language of the ordinance.

This provision in the ordinance is taken from the act of 1887, and is as prescribed by that act; but the act of 1874, under which the defendant claims the ordinance was passed, does not so prescribe, but, on the contrary, expressly prescribes that installments subsequent to the first shall be payable annually after the issuance of the warrant to the collector, with interest until paid, so that the interest commences to run immediately on the issuance of the warrant.

It would seem that the defendant claims, not only the right to proceed under either act, as it may elect, but to proceed under both acts at the same time and in respect to the same assessment."

For the reasons so well stated by the circuit judge, we hold that there was no valid ordinance providing for the

work; that the appellant could not legally contract for the doing of it; that the appellees were justified in refusing to perform it, and, under the evidence, were entitled to recover the sum deposited by them when they made their bid.

The judgment is therefore affirmed.